ROBERT F. WHITE

*v.*

HENRY PLUMMER.

*Filed at Mt. Vernon October 2, 1880.*

1. HOMESTEAD—*abandonment—effect of a conveyance of the premises in fee.* The owner of premises occupied by him as a homestead, devised the property to his wife during her life time, and the remainder, together with other real estate, to another. Upon the death of the testator, the widow renounced the will of her husband, electing to take her dower and legal share of the estate. Subsequently, upon petition for dower and homestead, the premises, which had continued in the occupancy of the widow, were set apart to her as her

homestead. Thereupon the widow conveyed the premises, for value, to a third person, by warranty deed, in fee, the grantee going into possession. In ejectment by the residuary devisee, under the will, against the grantee of the widow, it was *held,* the alienation, by the widow, of the premises so set apart to her as her homestead, did not, of itself, operate as an abandonment by her of her homestead right therein, or as an acceleration of the estate, in any such sense as would enable the plaintiff to recover. The conveyance in fee only passed the estate which the grantor had, and that she had a right to convey, without destroying such estate.

2. SAME—*as to the question of occupancy—by whom—construction of the statute.* The statute provides that the exemption of the homestead "shall continue, for the benefit of the husband or wife surviving, so long as he or she shall continue to occupy such homestead." This, however, is not to be understood as restricting the actual occupancy to the person entitled to the estate of homestead. Occupancy by another, even under a deed purporting to convey the fee, there appearing no intention to abandon the right, will be regarded as an occupancy by the person who originally took the estate. The power of disposition, or the right to choose as to the mode of enjoyment of the homestead, is as absolute as the right of the owner of the fee, in respect to his estate in the premises.

3. SAME—*rights of a widow.* A widow without children is as much entitled to retain the homestead of her husband as one with children, for she may occupy it herself, with servants, or alone, as she chooses—or she may dispose of the estate to another.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. HENRY C. GOODNOW, for the appellant.

Mr. M. SCHÆFFER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of ejectment brought by Henry Plummer against Robert F. White, to recover possession of the premises described in the declaration. As the case was submitted to the court for trial on an agreed statement of facts, there is and can be no disagreement as to the facts. It was agreed that Nathaniel Plummer died testate, on the 7th day of April, 1876, seized in fee simple of a large amount of real estate, including the lots in controversy in this suit;

that the lots were the homestead on which he resided, with his wife, Sarah A. T. Plummer, before and at the time of his death.

The will of Nathaniel Plummer was duly probated in the county court of the proper county, at its May term, 1876. By the will, these lots were devised to his widow, Sarah A. T. Plummer, during her life, and all the real estate, not otherwise devised, including these lots, was devised to plaintiff. Afterwards the widow renounced all benefit under the will, and elected to take her dower and legal share of the estate of her late husband.

The widow continued to occupy these lots as her homestead, until, by order of court, on petition for dower and homestead, the lots described in the declaration were set apart to her as her homestead.

On the 2d day of August, 1879, which was before the commencement of this suit, she conveyed the lots, for value received, by warranty deed, in fee to defendant.

Mrs. Plummer, who was called by defendant, testified that she conveyed the property to defendant; that she was advised by her attorney that she had a perfect right to convey the same to any one that she pleased, and no one had a right to object; and if she had thought she would, by conveying the property, surrender or forfeit her homestead right to the property, she would not have sold or conveyed it; that she was a householder and resided upon the property, and occupied the same as her homestead, from the time the same was set off, up to the time she made the deed to defendant, and has still some things left in the dwelling-house upon the lots, and that she had no intention to abandon the lots as a homestead.

Her evidence was objected to by plaintiff, and the objection sustained by the court, to which ruling defendant excepted. This was all the evidence in the case, and thereupon the court found defendant guilty of unlawfully withholding the possession of the premises, and that plaintiff was

seized in fee simple of the premises in the declaration mentioned, to which finding defendant then and there excepted, and thereupon filed a motion for a new trial, as at common law, stating the grounds of such motion, which motion the court overruled, and defendant brings the case to this court on appeal.

The only question made is, whether the alienation of the premises by the widow, after the same had been assigned to her by order of the court, was an abandonment of her homestead right therein, so as to let the residuary devisee recover possession of the property from her grantee in possession.

Evidence was tendered, but rejected by the court, that as a matter of fact, the widow had no intention of abandoning her homestead, but having been advised by counsel that she could sell her homestead right, whatever it was, to whomsoever might wish to buy, she sold and conveyed the premises to defendant by deed.

There being no intention to abandon the benefit of homestead, which the statute secures to the widow, our investigation is narrowed to the single inquiry, whether the act of conveying the homestead is to be regarded as an abandonment of all benefit of the same. We are of opinion it is not, of itself, an abandonment of the homestead.

Our statute on this subject is, that every householder, having a family, shall be entitled to an "estate of homestead" to the extent in value of $1000, in the farm or lot of land and buildings thereon, and occupied by him or her as a homestead, and all right and title therein shall be exempt from attachment, judgment, levy, or execution sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as provided by law.

The argument made in favor of plaintiff's claim to immediate possession of the property, is based on that clause of the second section of the Homestead act, which provides, "such exemption shall continue for the benefit of the husband or

wife surviving, so long as he or she shall continue to occupy such homestead."

No case, exactly analogous with this one, has ever before been considered by the court. The case of *Eldridge* v. *Pierce*, 90 Ill. 474, in principle, is an authority for the proposition that the party entitled to an estate of homestead, may alienate the property, and surrendering possession in pursuance of such sale is not an abandonment of the homestead, in that sense that would subject it to the claims of creditors. Occupying the homestead by another is occupying it by the owner of the estate. It is simply another mode of enjoying the right secured by statute.

A widow, without children, is as much entitled to retain the homestead of her husband as one with children, for she may occupy it herself, with servants, or alone, if she chooses. But if it is more convenient or profitable for her, what reason is there why she may not let it to another, for a term of years, until she may wish to return to it? Any construction that would forbid such party from enjoying the homestead in any manner most conducive to his or her happiness, would be a narrow and illiberal view of this really humane law. And if the homestead may be leased for a single year, no reason exists that it may not be done for any number of years, not beyond the natural life of the owner of the estate.

The party owning the fee may certainly do what he pleases with it, and by parity of reasoning, the party entitled to a continuance of the exemption in his or her favor, may do with it what the owner of the fee could do, so long as that right exists. Nor can it make any difference whether the letting is for a definite period, or for the natural life, or what, in effect, would be the same thing, and nothing more, by an absolute deed. The latter mode was adopted in this case, and although the widow does not actually reside in the homestead, she enjoys the benefit of it as fully as though she did. Certainly it can make no difference to the heir or devisee

whether a party entitled to a homestead occupies it by himself or herself, or another.

It was and is the object of the statute to secure to such party the benefit of a homestead, and to that end it is declared such homestead shall be exempt from the "laws of conveyance, descent or devise," except by the action of the party to be benefited in the mode prescribed in the statute.

The party entitled to a homestead in this case, has manifested no intention to abandon it, nor does the mere act of alienation amount to an abandonment of the property, so as to accelerate the estate for the benefit of the residuary devisee. Defendant having the same right of possession that the widow would have, had she continued in possession, he may retain it so long as that right exists in her. The judgment is, therefore, erroneous, and will be reversed, and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE CRAIG, dissenting:

I am unable to concur with the majority of the court in the decision of this case. In my judgment, when Mrs. Plummer conveyed the property and abandoned it, all the rights she had therein terminated. The homestead rights of a widow, after the death of a husband, are governed and controled by sec. 2, chap. 52, Rev. Stat. of 1874, p. 497, which declares: "Such exemption shall continue after the death of such householder for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead."

Here is a plain provision of the statute, which confers a homestead exemption upon a widow so long as she occupies the premises, but no longer; and it seems clear that when Mrs. Plummer ceased to occupy the property, and conveyed it to a stranger, the fee and right of possession passed *eo instanti* to the devisee. Had the legislature intended that

a homestead exemption of this character might be conveyed, doubtless express authority would have been given for this purpose.

Section 6, of the Homestead act, can have no application to a case of this character. That section relates solely to a case where the fee and the homestead are united in one and the same person. Had the fee and homestead both been united in Mrs. Plummer, then her deed would have passed the estate, but such was not the case. She had merely a homestead exemption, which conferred upon her the right of occupancy, so long as she might live, but when she ceased to occupy the property, all her rights therein terminated, and the property passed to the devisee unincumbered.

Mr. JUSTICE SHELDON concurs in this dissenting opinion.

WALKER, J.: I dissent from the conclusion reached by the majority of the court in this case.