Syllabus.

# FULLER MERRITT *et al.*

*v.*

# LYDIA MERRITT.

*Filed at Ottawa February 3, 1881.*

1. HOMESTEAD—*value of widow's as against heirs, on sale of same in partition.* On bill for the partition of land, where partition can not be made without injury, and the widow of the former owner of the premises consents, in writing, to the sale of her homestead and dower therein, and agrees to take a sum in gross for her interests, it is erroneous to give her $1000 of the proceeds of the sale absolutely. Her estate of homestead being only a life estate, with the remainder in the heirs of the deceased owner, the value of her life estate, or right to occupy land of the value of $1000 during her life, must be ascertained according to the usual mode of determining the value of life estates in similar cases, or the $1000 must be invested and the proceeds thereof paid over to her during her life, leaving the principal for the heirs at her death,

2. The widow has only a particular estate in the homestead premises—the right of occupying them during her life—and, subject to this right of occupancy, the homestead premises are vested in the heirs, if there be no devise. The Partition act respects these separate estates of the widow and heirs in the premises, and the amount which the Homestead law fixes as the allowance to be made to the owner in fee of the homestead, as against a creditor, who has no interest in the premises, can have no proper application, as being the measure of value of the widow's particular estate, when the question is one between her and the heirs, in the adjustment, under the Partition act, of the relative value of their respective estates in the homestead premises. If there is any inconsistency in the two acts, the Partition act, being the latest expression of the legislative will, must prevail.

3. DOWER—*where widow has a homestead she can not claim dower in the same.* When land is ordered to be sold on bill for partition, by written consent of the widow, and the value of her homestead estate is ascertained, she will only be entitled to the value of her dower as to the residue of the proceeds of the sale, and not in the entire fund.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. FRANCIS GOODSPEED, Judge, presiding.

Hezekiah Merritt died intestate on the 23d day of February, 1877, seized in fee simple of 106.70 acres of land, in which he had a homestead, and leaving him surviving Lydia Merritt, his widow, of the age of 65 years, and several children and descendants of children, none of whom, except the widow, resided with him at the time of his death. This suit was brought by Fuller Merritt and Cordelia Lindley, two of the heirs, against the widow and the remaining heirs, for partition of this land; partition was decreed, commissioners were appointed, who reported the land as not susceptible of division without prejudice, and a sale was ordered and had for the sum of $5,835.50, the widow having filed her assent in writing to the sale of her dower and the homestead. The circuit court, in distributing this fund, held that the widow, Lydia Merritt, was entitled to $1000 as the value of her homestead right, and $661.59 as a sum in gross, in lieu of her dower in the residue of the fund. On appeal by Fuller Merritt and Cordelia Lindley, to the Appellate Court for the Second District, this decree was affirmed.

The said Merritt and Lindley take this further appeal to this court.

The sections of the Homestead law defining the nature of the homestead right are the following:

"§ 1. That every householder having a family shall be entitled to an estate of homestead to the extent, in value, of $1000, in the farm or lot of land and buildings thereon owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy, or execution sale for the payment of his debts or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided.

"§ 2. Such exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes

twenty-one years of age; and in case the husband or wife shall desert his or her family, the exemption shall continue in favor of the one occupying the premises as a resident."

The Partition act provides, that when the commissioners appointed to make partition of the premises sought to have partitioned, shall report that the premises can not be divided without manifest prejudice to the owners thereof, the court may order a sale of the premises, and that the proceeds of the sale be divided among the parties according as they are entitled.

Sections 32 and 34 of the act are as follows:

"§ 32. In case of sale the court may, with the assent of the person entitled to an estate in dower, or by the curtesy, or for life, or for years, or of homestead, to the whole or any part of the premises, who is a party to the suit, sell such estate with the rest. But such assent shall be in writing, and signed by such person, and filed in the court wherein the said proceedings for partition are pending.

"§ 34. When any such interest is sold the value thereof may be ascertained and paid over in gross, or the proper proportion of the funds invested and the income paid over to the party entitled thereto during the continuance of the estate."

And section 22 provides: "If dower has not been allowed to the person entitled thereto, or the homestead set off, in case any party to the suit is entitled to an estate of homestead in the premises, or any part thereof, such dower may be allotted and such homestead set off by the commissioners; and if the court shall so direct, the premises so allotted or set off may be partitioned among the claimants subject thereto."

Messrs. DUNCAN & O'CONNOR, and Messrs. LELAND & GILBERT, for the appellants:

The case of *Mix* v. *King*, 66 Ill. 145, and 55 Ill. 434, is not in point. There is a distinction between a case where the husband deserts his wife and his grantee forcibly and

wrongfully ejects her, and where the husband dies, and, upon partition of the land, the homestead is sold with the assent of the widow.

The sections of the Homestead law defining the nature of the homestead of husband, widow and children are sections 1 and 2.

From these sections it is apparent the wife's estate is a mere right of occupancy for life. Under the decisions of this court, that the widow and family can occupy by tenant as well as in person, this right of occupancy amounts to an estate for life, or the homestead of husband may be an estate for years, terminating before her death. *Walters* v. *The People*, 21 Ill. 178; *Vanzant* v. *Vanzant*, 23 id. 542. But see contra, *Buck* v. *Conlogue*, 49 Ill. 391.

Sections 32 and 34 of the Partition act show, that in case of sale the widow should only have the value of her interest in the homestead.

If, as contended by appellee, the value of the homestead interest is just $1000, there certainly could be no need of ascertaining its value; nor would the provision for investing the proper proportion of the fund during the continuance of the estate be capable of application to the homestead.

Section 22 of the Partition act clearly shows, the widow's interest in the homestead is not that of absolute ownership, but is only a particular estate, subject to which the remainder expectant may be partitioned among the heirs.

Under this section, the court below might have directed the homestead to be set off to the widow, and the premises so set off to be partitioned among the heirs subject to her homestead right,—that is, subject to her right to occupy it during her life.

The statute makes no distinction as to the right of occupancy by a widow or by a child. If one must be valued at $1000 so must the other, no matter how small a portion of the particular estate remains. The construction put upon the statute by the Appellate and circuit courts would lead to the

absurd consequence, that the value of the right of a minor, twenty years of age, to occupy the homestead one year, would be precisely the same as that of a minor one year old to occupy it twenty years.

Section 37 of the Dower act plainly indicates it was the intention of the legislature that the widow should not have both dower and homestead. The object of the act being to provide a home for the widow and family, when the widow obtains $1000 worth of land as dower and accepts it, she has land out of which she can create a homestead, and the reason for allowing her a homestead ceases to exist. It was the intention of the legislature to secure the widow a homestead right as against the heirs and all other persons, but it was not the legislative intent to enable her to absorb all her deceased husband's real estate to the exclusion of the children.

Mr. GEO. H. LOCEY, for the appellee:

The first question presented is this: Is the widow, having assented in writing to the sale of the estate of homestead with the rest, now entitled to receive a sum in gross of $1000 in cash, or so much as $1000, at the age of sixty-five years, would be worth in cash, upon the basis of the life tables,— or the income of $1000 during life? Rev. Stat. Ch. 106, sec. 32; Homestead act of 1851, and of 1872 and 1873.

The law has fixed the homestead estate at $1000 in gross, which is made exempt for one year, and if reinvested in a homestead the exemption continues,—as against heirs, there is no limit as to time, no requirement as to reinvestment.

In the case at bar there are no minor children, and the estate of homestead is vested in the widow, exempt from the operation of the laws of conveyance, descent and devise.

The husband died intestate, and the heirs, as such, can claim only through the laws of descent as to realty, and of distribution as to personalty.

As heirs and through the laws of descent, they can have no claim to any estate other than that attached to the fee—to the land itself, of which the intestate died seized.

The estate of homestead can only be merged in the fee by its utter extinguishment, which is tantamount to a discharge of the lien or incumbrance. The statute points out the modes through which the estate of homestead may be extinguished, —by abandonment, by a release, waiver or conveyance in writing, acknowledged as other conveyances of real estate are required to be acknowledged.

The assent in writing, to the sale of the homestead, signed by the widow and filed in this cause, can not be construed as a release, waiver or conveyance, because it imports none of the necessary legal sanctions.

As to the definition of the homestead estate and its extent, counsel cited the act of 1872, first making it an estate, and *McClary* v. *Bixby*, 36 Vt. 254; *Deere* v. *Chapman*, 25 Ill. 610; *Mix et al.* v. *King*, 66 id. 147.

The construction asked for is not only at variance with a long line of decisions of the Supreme Court of our own State, and of other States, upon the law of homestead, but antagonizes the spirit and logic of the law.

Not only that, but it asks for such a construction of the law of partition as would, in effect, repeal an important and vital provision of the law of homestead.

If the money value of the right of occupancy has not been unalterably fixed by the statute beyond the power of the courts to increase or diminish it, then I submit that the logic of the appellants would, in a given case, authorize the court to increase it beyond the sum of $1000.

We maintain that the decree of the court below should have given the widow, not only the sum of $1000 as the value of the estate of homestead, but should have decreed to her dower in the entire fund of $5,835.50, the cash value of

which, at the age of 65, would be $798.44, instead of $661.59, held by the court to be the value of her dower.

Suppose that dower had been assigned in all but the homestead, and it was afterwards abandoned, the widow would then have been entitled to dower in the homestead.

. The homestead right and the right to dower are distinct and independent rights; the doctrine of merger can have no application, there being no lesser estate to be drowned in the greater; where the husband dies in possession of the homestead, his widow is entitled, not only to the right of a homestead, but to dower right also in the same premises. *Walsh* v. *Reis*, 50 Ill. 477; *Peyton et al.* v. *Jeffries*, 50 id. 143.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

It is erroneous to assume that the homestead estate of the surviving wife of the owner of a homestead is of the value of $1000. The extent of her interest is defined in section 2 of the Homestead act, and it is, that the homestead exemption shall continue after the death of her husband for her benefit, "so long as she continues to occupy such homestead."

The estate of homestead is not $1000 worth of land, but $1000 is the value of the homestead premises to which the estate of homestead attaches. Such estate in the surviving wife is her right to occupy land of that value. The widow has no fee simple title to the homestead premises, but simply a right of occupancy. In its utmost extent, it can not exceed a life estate. To say that this interest in the homestead premises is of the value of $1000, of the whole value of the premises themselves, is a contradiction in terms. It is to affirm that a part is equal to the whole,—that a life estate is of equal value with the fee.

Section 22 of the Partition act recognizes the existence, after the death of the owner of the homestead, of two separate estates in the homestead premises,—one, the particular estate of the widow—her right of occupancy; the other, the remainder expectant upon the determination of this particular estate,

in the heirs, in providing that the homestead may be set off to the widow by the commissioners, and that the homestead premises so set off may be partitioned among the other claimants, subject to the widow's homestead interest. What a flagrant incongruity there is, then, when the condition is such that the land can not be partitioned without prejudice, and a sale is had with the assent of the widow, that there should be paid over to her the whole proceeds of the sale of· the homestead premises,—the proceeds of the sale of both said estates. Such absorption by her of the whole is not to be permitted. The law has equal regard for each estate.

It is the purpose of the Partition act to provide a method by which property owned in common by several persons may be divided, so that each person may enjoy his own proportion thereof in severalty, or that, if incapable of division without prejudice, it may be sold and the proceeds divided in such a manner that each may receive such a proportion thereof as he would have received of interest in the land had partition been actually made. Hence, section 34 of the act provides, that when the homestead estate is sold, the value thereof may be ascertained and paid over in gross, or the proper proportion of the funds invested and the income paid over to the party entitled thereto during the continuance of the estate. This provision for *ascertaining* the value negatives the idea of there being any known and fixed value of the homestead estate as of $1000, and implies that it is unknown and indeterminate, and that there is, upon inquiry, to be an ascertainment of its value; and the latter provision of said section for investing the proper proportion of the fund, and paying over the income during the continuance of the homestead estate, does not consist with the idea contended ·for that the value· of the homestead interest is just $1000. There is nothing in the Partition act to warrant such an idea, but the purport is all to the contrary, and the value of the homestead interest is to be ascertained. And such homestead interest, as already ob-· served, is not $1000, nor $1000 worth of land, but only a

right of occupancy of land which is of that value, for a term not longer than one's life.

The sole foundation for the notion that the estate of homestead is, under all circumstances, of the value of $1000, is found in certain provisions of the Homestead act respecting the owner in fee of homestead premises. One section provides, that where the homestead is conveyed by the owner, the proceeds thereof, to the extent of the amount of $1000, shall be exempt from execution or other process for one year; and other sections, that where the owner is involuntarily deprived of his homestead by sale on execution or in the enforcement of a lien, he shall be paid $1000 in the one case, and the amount of the exemption in the other. This is not any legislative determination that the homestead interest is of the value of $1000, but the allowance of $1000 in such cases is for the purpose of enabling the homestead owner with such sum to purchase another homestead, being in the carrying out of the policy of securing a home for the family. All such provisions in the Homestead act are in respect of the owner of the homestead premises, where the sole interest in homestead premises is in him, and are as against the creditor. They provide in the specified cases merely, and come short of fixing $1000 as the value of the homestead interest in all cases. They enact what amount of land for a home, or of money to buy a home,—a wise and just policy,—allows a debtor to retain as against creditors who have no interest in the land.

But when, under the Partition act, we come to deal with the estate of homestead which is in the surviving wife of the owner of the homestead premises, her estate is of a different character, and different considerations apply. The interest which had existed entire in the husband, has become severed. The widow has only a particular estate in the homestead premises, the right to occupy them during her life, and subject to this right of occupancy the homestead premises are vested in the heirs, if there be no devise. The Partition act

respects these separate estates of the widow and heirs in the homestead premises, and the amount which the homestead law fixes as the allowance to be made to the owner in fee of the homestead as against the creditor, who has no interest in the homestead premises, can have no proper application as being the measure of value of the widow's particular estate, when the question is one between her and the heirs in the adjustment, under the Partition act, of the relative value of their respective estates in homestead premises. And even if there were any inconsistency between the two acts, the Partition act would govern, as being the latest expression of the will of the legislature, it having been passed in 1874, while the Homestead act was passed in 1873.

The statute makes no distinction as to the right of occupancy by a widow or by a child. If one must be valued at $1000, so must the other, no matter how small a portion of the particular estate yet remains. And thus, under the rule contended for, in the case of a minor lacking but six months of his majority, the value of his right to occupy for six months homestead premises of the value of $1000, would be held to be $1000, and the same as that of a minor one year old to occupy them twenty years. The absurdity of this every one would exclaim against.

Under the Partition act the homestead may be set off to the widow, and the premises so set off to her be partitioned among the heirs, subject to her right to occupy the same during her life, or her estate of homestead may be sold, with her assent in writing. Without such assent of hers, it can not be sold, and if she will, she may retain the occupancy of the homestead; but if she does assent to the sale of her estate of homestead, and one is had, then the statute, in pursuance of its purpose, that where the land is sold the different persons interested shall receive, as near as may be, the same proportion of interest in the proceeds that they would have received in the land itself had partition been actually made, provides: "When any such interest is sold, the value thereof may be

ascertained and paid over in gross, or the proper proportion of the funds invested, and the income paid over to the party entitled thereto, during the continuance of the estate." This clear provision of the statute must be followed. One thousand dollars is not to be paid over to the widow, nor is the value of her homestead to be assumed as $1000, but it is to be ascertained according to the usual mode of determining the value of life estates in similar cases.

Appellee makes claim that she should have been allowed a sum in gross as the value of her dower in the entire fund, instead of a sum in gross as the value of her dower in only the residue of the fund after deducting the value of the homestead right. We perceive no error in the decree in this respect. The widow could not enjoy two life estates in the same premises, and was rightly allowed as only for one.

The judgment of the Appellate Court is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*