ALONZO J. CUTLER

*v.*

JESSIE WARNER CUTLER.

*Opinion filed December 20, 1900.*

1. RES JUDICATA—*when question of title to property is res judicata.* If it has been adjudged in divorce proceedings instituted by the husband that the wife is the owner of the residence property, subject to the husband's homestead and dower rights, her title cannot be attacked by the husband upon her filing bill to set off his homestead.

2. PARTIES—*children are not necessary parties to bill to set off homestead.* Children residing with their father, who has a homestead estate in the residence property owned by his divorced wife, are not necessary parties to bill by her to have such homestead set off.

3. HOMESTEAD—*if homestead cannot be set off, party must accept its value.* Upon bill by the owner of the fee to have an existing homestead estate in the property set off, or for payment of its value if the property is worth more than $1000 and cannot be so divided as to set off the homestead, the complainant is entitled to possession upon payment of $1000 to the party having the homestead estate.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

WALTER S. HULL, for plaintiff in error.

CRATTY, JARVIS & CLEVELAND, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The question presented by this record results from a bill filed by defendant in error against plaintiff in error to set off to the latter a homestead in certain premises, or the value thereof. Prior to October 13, 1898, the parties had been married, and as husband and wife occupied the premises in controversy as a homestead. During the time they were so living together as husband and wife the husband conveyed to the wife the fee in the property in controversy, and her possession continued as it

was before the execution of the deed. Prior to October 13, 1898, Alonzo J. Cutler, the plaintiff in error, filed a bill for divorce against Jessie Warner Cutler, the defendant in error, and on the date above mentioned a decree was entered granting the prayer of the bill. Under the issues as made by the bill so filed, a controversy arose as to the ownership of this property, and by the decree the court found that the defendant in error, who was the defendant to that bill of divorce, was the owner in fee of the premises in controversy, and that the husband was entitled to a homestead therein and to an inchoate right of dower in the premises owned by her. The premises in controversy being of a greater value than $1000, the defendant in error filed this bill for the setting off the homestead or for payment of its value. On issue joined, the court found the wife was entitled to the fee in the premises subject to the rights of the husband as found in the decree for divorce, and found the value of the property to be in excess of $1000, and appointed commissioners, from whose report it appeared that the premises could not be divided so as to have the homestead set off to the plaintiff in error, whereupon the defendant in error brought into court and tendered to the plaintiff in error the sum of $1000, which was by the decree of court directed to be paid to the plaintiff in error, and that a writ of possession should issue to place the defendant in error in possession of said premises.

The adjudication in the proceedings for divorce with reference to the finding of the title of the premises in Jessie Warner Cutler and the husband entitled to a homestead and inchoate right of dower, was a complete adjudication of the rights of these parties to the premises in controversy.

Under the issue as made in this case by the answer, which sets up that the deed was made without consideration, and setting up its value, etc., an issue is sought to be presented with reference to the title of the premises

which is effectually barred by the adjudication in the former proceedings.

The children, issue of the marriage between these parties, whose custody was awarded to the father, A. J. Cutler, residing in the premises with their father, were not necessary or proper parties to this bill, for the reason that the father had the right to waive or abandon the homestead at his pleasure and owed the duty of support and maintenance to the children, and unless he deserted them, they acquired no right to homestead in the premises as against him, and he might sell and convey his homestead or he might waive or abandon the same.

It is contended by plaintiff in error that the act providing for the exemption of property from sale and for a homestead has no provision authorizing an owner of a fee to have the homestead set off where there is no proceeding for partition. The homestead is an estate created by the statute, of a limited value and to a limited extent. The statute protects that homestead from forced sale to the uttermost. It was not, however, provided by the statute, nor was it ever intended, that the estate of homestead created by the statute, no matter to what extent safeguarded, should be used to the injury or prejudice of the owner of the fee to a greater extent than the protection of the homestead. In proceedings for partition and in proceedings for foreclosure, as well as in sales on execution, provision is made for a fixing of the value of the homestead and the payment of the amount to the person entitled thereto when it cannot be specifically assigned in the premises. It was not the intention of the statute, nor will it bear the construction, that a person entitled to an estate of homestead in a lot which might be of the value of a million of dollars, should prevent the sale of the lot by the owner or his use of the excess in value thereof above the estate of homestead, and the owner thus be deprived of all benefit and advantage of his estate in fee in excess of the estate of homestead, by

reason of the fact that the person in whom the homestead estate existed refused to assent in writing to the sale. All that can be consistently claimed by a person entitled to a homestead, when it cannot be assigned, in premises of a greater value than $1000, is the sum of $1000 as fixed by the statute as the value of the homestead. (*Wilson* v. *Illinois Trust and Savings Bank*, 166 Ill. 9.) In this latter case it was held that a court of chancery had full power to set off a homestead or fix its value, whether as against heirs, grantees or devisees, as well as against creditors.

The bill in this case was broad enough to warrant the decree, which is abundantly sustained by the evidence.

Under the authority of *Askew* v. *Springer*, 111 Ill. 662, there was no error in the taxation of costs, or decree awarding the same.

The decree of the superior court of Cook county is affirmed.                                    *Decree affirmed.*