PATRICK POWELL, Appellee, *vs.* JAMES D. POWELL *et al.*
Appellants.

*Opinion filed December 21, 1910.*

1. HOMESTEAD—*effect of Homestead law of 1851.* The Homestead law of 1851 did not continue any exemption in favor of the surviving husband, and the homestead, in whomsoever vested, was only exempt from "levy and forced sale under process of law."

2. SAME—*changes in Homestead law by act of 1872.* By the act of 1872 the homestead right was changed from a mere exemption into an estate, which was made exempt from the laws of descent and devise and was continued for the benefit of the surviving husband as well as the surviving wife.

3. SAME—*heirs cannot have possession during continuance of homestead estate if premises are worth less than $1000.* If homestead premises are worth less than $1000 the person entitled to the homestead estate cannot be compelled by the heirs or devisees of the fee to surrender possession during continuance of the estate.

4. SAME—*rule where homestead premises are worth more than $1000 and are incapable of division.* Where the homestead premises are worth more than $1000 but are not susceptible of division, the heirs may, in equity, require the surviving husband or wife to surrender possession of the premises upon the payment of $1000 to such surviving husband or wife; but in the absence of such proceeding and the payment or tender of the $1000, the heirs are not entitled to take possession of any portion of the premises and to exclude the surviving husband or wife therefrom.

5. SAME—*heirs may be required to pay rent for time surviving husband was deprived of exclusive possession.* Where a surviving husband is deprived by the heirs of his right to exclusive possession of homestead premises and is compelled to stay in one room and submit to indignities and harsh treatment, it is not improper to require them to pay to the surviving husband one-half of the fair rental value of the premises for the time he was so prevented from having exclusive possession.

6. SAME—*when failure to assign dower and homestead does not entitle person to damages.* Failure of the heirs to assign dower and homestead to the surviving husband in premises not susceptible of division does not entitle him to damages in a proceeding by him in which he is awarded exclusive possession of the homestead premises for life and rent for the use of the premises during the time he was deprived of exclusive possession.

· FARMER and HAND, JJ., dissenting.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

CAMERON & CAMERON, for appellants.

STEVENS, MILLER & ELLIOTT, for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Ann Powell, wife of appellee, Patrick Powell, died intestate February 22, 1907, leaving her husband, and Elizabeth Kaiser, Mamie Fitzpatrick and Margaret Powell, her daughters, and James, Frank and William Powell, her sons, and Needa Powell, a grand-daughter of her deceased son, Cornelius Powell, surviving her as her only heirs-at-law. At the time of her death she was the owner of a house and lot in the city of Peoria, which was occupied by her and her husband as a homestead. Some years before her death the title to this property was in her husband, and he and his wife joined in a deed conveying these premises to their son Daniel J. Powell, commonly known as James Powell. Afterwards, some three years before her death, the latter conveyed the premises to Ann Powell, his mother. After the death of Ann Powell, Patrick Powell, her surviving husband, filed a bill in equity to set aside the deed to the son and the one from the son to his mother, on the ground that Patrick Powell was not mentally competent to make a deed at the time he conveyed the premises to his son. In his bill Patrick Powell prayed, in the alternative, for the assignment of his homestead in the premises in case it was found that Ann Powell was the owner of the fee at the time of her death. The circuit court of Peoria county entered a decree dismissing the bill upon the ground that the evidence showed that he was competent to make a deed at the time he conveyed the premises to his son. From that decree Patrick Powell prosecuted an appeal to this court,

which was disposed of by an opinion filed at the June term, 1909, and is reported as *Powell* v. *Powell*, 240 Ill. 442. The decree of the circuit court established the title of Ann Powell at the time of her death but failed to dispose of the homestead rights of Patrick Powell under the prayer of his bill for that purpose. This court approved of the finding of the circuit court in so far as it found that Patrick Powell was competent to make a deed at the time he conveyed the premises to his son James, but reversed and remanded the case for the purpose of disposing of the homestead question which was involved. After the cause was remanded to the circuit court it was referred to a master to take evidence upon the charge contained in the bill that Patrick Powell had been deprived of the use of his homestead by the wrongful conduct of some of his children, and to make a finding as to the amount of rent that should be paid him for the premises during the time that they were occupied adversely to him after his wife died. The master found that Patrick Powell had been almost wholly deprived of the use and enjoyment of his home and homestead and that the value of that portion of it occupied without his consent was $12 per month, and in a supplemental report found that it would be equitable, under the circumstances, to require appellants to pay Patrick Powell one-half of the rental value of the premises so occupied, or six dollars per month. Objections and exceptions to the report of the master were filed on behalf of both parties, but they were all overruled and a decree entered approving the findings of the master and appointing commissioners to set off a homestead to Patrick Powell and his dower in the premises. The commissioners appointed by the court reported that the premises were so situated that homestead and dower could not be assigned, and valued the house and lot at $2400. Upon the coming in of this report the court made a further decree approving the commissioners' report and finding that none of the heirs of Ann Powell had

taken any steps to have a homestead and dower of Patrick Powell assigned in the premises, and entered a decree confirming the right of Patrick Powell to occupy the homestead free from any interference of the heirs. The present appeal is by the heirs of Ann Powell for the purpose of obtaining a review of the decree below adjudging Patrick Powell to be entitled to the exclusive possession of the homestead. Cross-errors have been assigned by Patrick Powell on the refusal of the court to allow damages, in addition to the rent, because of the failure of the heirs to assign his homestead and dower.

Appellants make two principal contentions: (1) That appellee is not entitled to occupy the premises in question as a homestead to the exclusion of appellants, who are the heirs of the deceased owner; (2) that the evidence did not establish the charge in the bill that the appellants had forcibly and wrongfully deprived appellee of the possession and enjoyment of his homestead, and that therefore the decree of the court requiring them to pay him rent is erroneous.

Appellants' first contention presents the legal question whether a surviving husband or wife, under the Homestead law, has the right, as against adult heirs, to the exclusive occupancy of the homestead where it is not susceptible of division and is worth more than $1000. The first homestead law passed in this State provided that the "lot of ground and the buildings thereon occupied as a residence," etc., should be exempt from "levy and forced sale under any process or order from any court of law or equity in this State." The extent in value of the homestead under this law was $1000, and the exemption was continued after the death of the householder for the benefit of the widow and family until the youngest child became twenty-one years of age and until the death of the widow. (Laws of 1851, p. 25.) This statute continued without any substantial change until the act of 1872 was passed. Under the

first homestead law no exemption was continued in favor
of the surviving husband, and the homestead, in whomso-
ever vested, was only exempt from "levy and forced sale
under process of court." The Homestead law of 1872
changed a mere exemption under the former statute to an
estate, and provided that such "homestead and all right
and title therein shall be exempt from attachment, judg-
ment, levy on execution, sale for the payment of his debts
or other purposes, and from the laws of conveyance, de-
scent and devise, except," etc. The statute of 1872 ex-
empted a homestead to the extent and value of $1500,
which was, however, reduced by an amendatory act in 1873
to $1000 in value. Kales on Homestead Exemption Laws,
sec. 125, *et seq.*

The omission in the law of 1851 to exclude the home-
stead from the laws of descent and devise virtually placed
it within the power of the heirs, by partition, to destroy
the homestead estate of the surviving spouse. It would
seem, necessarily, to follow that property subject to a
homestead would pass to the heirs or devisees free from the
homestead of the widow, and such was the construction
placed upon said act by this court. (*Turner* v. *Bennett*, 70
Ill. 263.) The act of 1872 made three important changes
in the Homestead law: (1) It changed a mere exemption
into an estate; (2) it made the estate exempt from the
laws of descent and devise; (3) it continued the exemp-
tion for the benefit of the surviving husband as well as the
wife. After the passage of the law of 1872 this court gave
effect to the provision in that law exempting the homestead
from the effect of the laws of descent and devise, by hold-
ing that after the death of the householder the widow was
entitled to a homestead against the claims of the heirs.
*Merritt* v. *Merritt*, 97 Ill. 243; *Stunz* v. *Stunz*, 131 id.
210; *Best* v. *Jenks*, 123 id. 447; *Loveless* v. *Thomas*, 152
id. 479.

The case of *White* v. *Plummer*, 96 Ill. 394, which was decided under the law of 1872, illustrates the construction that this court many years ago placed on the statute exempting the homestead from the laws of devise. That was an action of ejectment by the heirs against the widow to recover the homestead. The will devised the homestead to the widow during her natural life. She renounced her rights under the will and elected to take under the statute. Afterwards her homestead was assigned or allotted to her by an order of court. The widow then conveyed the homestead to a third party, and the heirs, who were step-children of the widow, brought ejectment against her grantee. This court reversed the judgment in favor of the heirs.

Under the present homestead law, as the same has been construed by this court and as it is generally understood by the profession, no one would seriously claim that the adult heirs or devisees could by any means known to the law interfere with the exclusive enjoyment of the homestead by the surviving husband or wife where it has been assigned or where it was admittedly worth less than $1000. The language of the statute exempting the homestead from the laws of descent and devise means, in such case, that all right of the heirs or devisees, as such, to interfere with the homestead must be postponed until that estate is extinguished by the death of the life tenant or in some of the ways provided by law. But the situation presented by the case at bar is different. Here the residence and lot upon which it stands are worth $2400 and the property is so situated that it cannot be divided, and the surviving husband refuses to assent to its sale and insists on the right to occupy it to the exclusion of the heirs.

Section 8 of the Exemption law provides that in the enforcement of a lien in a court of equity upon premises including a homestead, if such right is not waived or released, the court may cause the homestead to be assigned and set off and decree the sale of the balance, or if the

value exceeds the exemption and the premises cannot be divided the court may order the entire premises sold, including the homestead, and the payment of the amount of the exemption to the person entitled thereto. Sections 10 and 11 of said act provide a method by which the homestead which exceeds in value $1000 may be disposed of and the excess subjected to an execution against the householder. Section 4 provides for the release of the homestead by an order of a court of competent jurisdiction where the exemption is continued for the benefit of a child or children. Section 101 of our statute on administration of estates provides that upon the application for the sale of real estate to pay debts of the decedent, if there is a homestead continued for the surviving husband or wife, upon the written assent of the person entitled to the homestead the same may be sold and the value of the estate paid to the party entitled thereto.

There is nothing in these statutory provisions that expressly authorizes the heirs or devisees of the deceased householder to compel the surviving husband or widow to vacate, release, abandon or sell the homestead where it is not susceptible of assignment and is of greater value than $1000. Still, in the construction of the Homestead law, which expressly limits the extent of the homestead estate to $1000, in connection with other provisions of the statute, this court has held that the surviving husband or widow is not entitled to the exclusive possession of an unassignable homestead which is worth more than $1000, (*Wilson v. Illinois Trust and Savings Bank,* 166 Ill. 9,) and that a court of equity, under its general chancery powers, independently of the Partition act, had jurisdiction to enter a decree adjusting the respective rights of the heirs or devisees and the party entitled to the homestead. (*Mix v. King,* 55 Ill. 434; *Hotchkiss v. Brooks,* 93 id. 386; *Wilson v. Illinois Trust and Savings Bank, supra.*) In the *Wilson case,* above cited, on page 14, this court said:

"If a court of equity were powerless to prevent a person having a right of occupancy to the extent of $1000 in value in premises of the value of $36,000 from occupying and using the entire property, while the owner of the balance of the estate, amounting to $35,000, must stand idly by and have no benefit or enjoyment of his property, the court would fail of its purpose." In *Cutler* v. *Cutler,* 188 Ill. 285, it was held that the husband, who had been deserted by and subsequently divorced from his wife and whose right to a homestead had been adjudicated in the divorce proceeding, could be compelled by decree of court to accept $1000 in lieu of his homestead and be required to surrender possession to those entitled to the excess, where the premises were worth more than $1000 and were so situated that the homestead could not be assigned.

Applying these authorities to the facts presented by this record, appellants would clearly be entitled to extinguish the homestead of Patrick Powell by paying or tendering to him the value of his homestead estate. But appellants have neither paid nor offered to pay appellee anything for his homestead, but, refusing to do so, are insisting upon the right to occupy a substantial portion of the dwelling house forcibly and against the will of appellee. In this situation the court below properly decreed that appellants had no right to take possession of the house, or any part of it, and exclude appellee therefrom by force and intimidation. If appellants desire to extinguish the homestead, the rule announced in the authorities above cited provides a lawful procedure for such purpose. Until such proceedings are had and until the payment or tender to appellee of the value of his homestead, he is entitled to the exclusive enjoyment thereof, regardless of its value. While there has neither been a payment nor a tender of any sum to appellee for his homestead and the question is not directly in issue in this proceeding, still there is a sufficient discussion of the amount that ought to be paid to

appellee to justify us in expressing our views upon that question, which we do in order to enable the parties to make a final adjustment of this controversy without further expense or litigation.

In *Merritt* v. *Merritt,* 97 Ill. 243, this court held, on a bill for partition of land among the owners of the fee, in which the widow had a homestead and the premises were not susceptible of division, and the widow filed a written consent to the sale of the homestead with the balance of the premises, that the value of the homestead was not $1000, but that its money value in such case must be ascertained according to the usual mode of determining the value of life estates in similar cases, or $1000 must be invested and the proceeds thereof paid to her during her life, leaving the principal for the heirs at her death. This rule, however, does not apply where the party entitled to the homestead is compelled to surrender the same by an order of court. In all of the cases provided for by the statute where the homestead may be sold under execution or to satisfy liens, the statute provides for the payment of $1000 to the party entitled to the homestead. By analogy to these cases we think that the heirs should be required to pay or tender $1000 to appellee.

In the cases of *Wilson* v. *Illinois Trust and Savings Bank, supra,* and *Cutler* v. *Cutler, supra,* where the right of heirs to compel the release of the homestead is established, it was held that the heirs should pay $1000 to the party entitled to the homestead. The question of the amount to be paid does not appear to have been involved in either of the cases, but the court assumes that $1000 is the amount to be paid where the owner of the homestead is required to surrender the same to the heirs.

Appellants' second contention is, that the court erred in decreeing that appellants pay six dollars a month rent for the time they occupied the homestead to the exclusion of appellee. The evidence abundantly justifies this order.

It is proven that some of appellants went in and took possession of all of the house except one small room on the second floor, in which appellee was permitted to sleep. He was excluded from the balance of the house. Appellants mistreated appellee to such an extent that he was afraid to go into any part of the house except the small room in which he was allowed to sleep. The evidence shows that on more than one occasion appellants resorted to personal violence against appellee. When children so far forget their duty to their aged father as to knock him down and leave him bleeding upon the street, as the evidence shows was done in this case, such children need not be surprised if a court of equity does not look favorably upon their complaints against such abused and mistreated parent.

The cross-errors assigned by appellee involve his right to damages against appellants for a failure to assign his dower and homestead. We have already seen, from the situation of this property, that no assignment of such homestead or dower is practicable. Appellee is entitled to the possession of the whole of these premises. He could get no more by any proceeding to assign his homestead and dower. The rent allowed him is intended to compensate him for the loss of the use of such homestead during the time it was occupied by appellants adversely to him.

The decree of the circuit court of Peoria county will be affirmed.

*Decree affirmed.*

Mr. JUSTICE FARMER, dissenting:

It may be that the decree of the circuit court in this case should be affirmed because the owners of the fee sought possession of the homestead premises without offering to make any provision for the owner of the homestead estate, but I do not agree with the opinion of the court that in order to entitle the owners of the fee to possess and enjoy their property they must give the owner of the homestead estate $1000 as his absolute property.

The estate of homestead in premises where the fee is in the heirs entitles the owner of the estate to the occupancy and enjoyment of the premises to the extent and value of $1000 during his or her life. Upon the death or abandonment of the premises by the owner of the homestead estate the estate is extinguished. The owner of the homestead estate has no interest that can be conveyed before assignment, and a conveyance of the homestead premises after assignment vests no interest in the premises in the grantee beyond the life of the grantor. (*White* v. *Plummer,* 96 Ill. 394.) In *Jones* v. *Gilbert,* 135 Ill. 27, it was said a widow's estate of homestead is a conditional life estate. In *Merritt* v. *Merritt,* 97 Ill. 243, the court said: "The estate of homestead is not $1000 worth of land, but $1000 is the value of the homestead premises to which the estate of homestead attaches. Such estate in the surviving wife is her right to occupy land of that value. The widow has no fee simple title to the homestead premises, but simply a right of occupancy. In its utmost extent it cannot exceed a life estate. To say that this interest in the homestead premises is of the value of $1000, of the whole value of the premises themselves, is a contradiction in terms. It is to affirm that a part is equal to the whole,—that a life estate is of equal value with the fee." In *Wilson* v. *Illinois Trust and Savings Bank,* 166 Ill. 9, the residence in which the homestead estate existed was worth $36,000, and because homestead could not be assigned to the widow therein she claimed the right to the possession and occupancy of the entire premises. This contention was not sustained, and, following *Merritt* v. *Merritt, supra,* the court held that the widow's homestead estate was the right to occupy premises to the extent and value of $1000, and while there were no rights of creditors involved, the court said the owners of the fee had equal rights with creditors or any other class of claimants. The same rule was announced in *Cutler* v. *Cutler,* 188 Ill. 285, where it was said

(p. 287) : "It was not the intention of the statute, nor will it bear the construction, that a person entitled to an estate of homestead in a lot which might be of the value of a million of dollars should prevent the sale of the lot by the owner or his use of the excess in value thereof above the estate of homestead, and the owner thus be deprived of all benefit and advantage of his estate in fee in excess of the estate of homestead, by reason of the fact that the person in whom the homestead estate existed refused to assent, in writing, to the sale."

These cases seem conclusive that a homestead estate is the right to occupy premises to the extent and value of $1000 for life while the fee in the premises is vested in heirs or devisees; that in its utmost extent it cannot exceed a life estate; also, that the owner of the homestead estate is not, by virtue thereof, entitled to the possession and occupancy of premises exceeding in value $1000 where the premises are so situated that the homestead cannot be set off.

The opinion concedes that a person having an estate of homestead in premises exceeding in value $1000 is not entitled to the possession, as against the owners of the fee, of the whole of the premises, but holds that where the owner of the fee in such cases seeks to secure to himself the enjoyment of his interest in the premises he must pay to the owner of the homestead estate $1000 as and for his or her absolute property. This is to make a life estate equal in value to the fee. All will agree that where premises are so situated that the homestead can be set off, its extent is limited to premises the fee in which does not exceed $1000 in value. The right to occupy for life the premises thus set off, is, of course, not equal in value to an estate in fee in the premises. If, on the other hand, the owner of the homestead estate in premises worth more than $1000 and so situated that the homestead cannot be set off is entitled to $1000 absolutely, then the same estate created

by law has one value in one case and another value in the other case. This does not seem to be logical. It is true, the person entitled to the homestead estate cannot be compelled to accept its present worth in money, but neither can such owner, by reason of the homestead right, have the use and benefit of premises in excess of $1000. In *Cutler* v. *Cutler, supra,* the fee in the premises belonged to a divorced wife. The divorce was granted on the application of her husband, and in that proceeding it was decreed that the husband was entitled to an estate of homestead in the premises that had been occupied by the parties as a residence while living together and which the husband continued to occupy after the separation. The premises were worth more than $1000. After the divorce was granted the divorced wife filed a bill against her former husband for the assignment of homestead to him. Commissioners were appointed to set off the homestead but reported the premises were so situated that homestead could not be set off. The complainant brought into court and tendered to defendant $1000. The court decreed that said sum be paid to him and that complainant have writ of possession for the premises. The case was brought to this court by the husband on writ of error. He was in no position to complain of not having received a sufficient sum of money for his homestead estate and did not make any such complaint. His contention was, that under his homestead right he was entitled to the possession and use of the whole of the premises, and the owner of the fee was not entitled to any benefit or advantage of her estate in fee in the premises in excess of the homestead estate until the homestead estate was extinguished. Neither the *Wilson case* nor the *Cutler case* is authority in support of the position that the owner of the homestead estate in premises so situated that the homestead cannot be set off must be given $1000 as his or her absolute property by the owner of the fee before such owner is entitled to any benefit or enjoyment of any portion

of his property. As I understand the law, whether the owner of the homestead estate is assigned $1000 worth of the premises or allowed $1000 in money, his interest is the same,—that is, the life use of the property or money.

Mr. Justice Hand: I concur in the dissenting opinion of Mr. Justice Farmer.