482    Appellate Courts of Illinois.

Rayborn v. The Farmers State Bank and Trust Co., 238 Ill. App. 482.

---

**Ethel May Rayborn, Executrix of the Last Will and Testament of Henry S. Rayborn, Deceased, et al., Appellees, v. The Farmers State Bank and Trust Company, et al., Appellants.**

### Gen. No. 7,837.

1. ESTATES OF DECEDENTS—*widow's consent as prerequisite to sale of lands free from homestead estate.* In absence of consent by widow, court erred in ordering sale of lands free from homestead estate, under Rev. St. ch. 3, sec. 101, Cahill's St. ch. 3, ¶ 102.

2. ESTATES OF DECEDENTS—*sale of land free from homestead and subject to dower.* Where widow did not consent to sale of

land free from homestead, it was error to order sale of all lands including those freed from homestead estate by such decree subject to dower, widow not being entitled to homestead estate and dower in same lands.

3: ESTATES OF DECEDENTS—*representative as heir must cause dower and homestead to be assigned.* When executor of estate is an heir and interested in the estate and applies to sell real estate without the assignment of dower and homestead, or either, in a proper case for assignment of such estate to the evident sacrifice of the selling value of the lands, the court should refuse a decree upon the objection of a party interested, under Administration Act, sec. 101, Cahill's St. ch. 3, ¶ 102, and Dower Act, sec. 18, Cahill's St. ch. 41, ¶ 18.

Appeal by defendants from the County Court of Morgan county; the Hon. H. P. SAMUELL, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded. Opinion filed June 27, 1925.

JOHN L. REEVE, for appellants.

L. H. JONAS and BELLATTI, BELATTI & MORIARTY, for appellees.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

This cause was before this court at its April term, A. D. 1923, as Gen. No. 7,723, and for a more extended statement of the case reference is had to the opinion filed at that time. [See 234 Ill. App. 183.]

Henry S. Rayborn died April 25, 1923, leaving his widow, Ida E. Rayborn, and his daughter, Ethel May Rayborn, his only heirs him surviving. Deceased died seized of two houses and lots in the City of Jacksonville, one of which had been his homestead and where his widow is now residing, appraised in the inventory at the sum of $5,000, and the other appraised at the sum of $3,500; a tract of land consisting of 79 acres and another tract of 59½ acres, both tracts situated in Greene county and appraised in the inventory at $5,540; a farm consisting of 208½ acres, situated in Morgan county, estimated by the execu-

trix to be of the value of $20,850, and so entered in the inventory. The personal property in the estate amounted to the sum of $518. The deceased left a last will and testament which has been proven, by which he devised the use of his entire estate to his widow, Ida E. Rayborn, during her natural life. The will devises to the Farmers State Bank and Trust Company, subject to the use of the widow for life, the 208½ acres of farm land in Morgan county, in trust to enter into the possession of the same and to collect the rents, issues and profits thereof and to pay the same to his daughter, Ethel May Rayborn, during her natural life, and upon the death of said Ethel May Rayborn and her mother, Ida E. Rayborn, said trustee is to convert said lands into money and to distribute and divide the same equally among the children of his said daughter. It is further provided that in case the said daughter leaves no descendant or descendants her surviving, said proceeds shall be paid, one-half to the Odd Fellows' Orphans Home for children at Lincoln and the other one-half to the Odd Fellows' Home for the aged at Mattoon, as a permanent endowment fund for each of said institutions, etc. The daughter, Ethel May Rayborn, is made the residuary legatee and devisee and is now a single lady. The daughter, by the terms of the will, was appointed and has qualified as the executrix of the estate. Various claims were allowed against the estate, amounting to the sum of $1,342.58, and a claim was presented by the widow, Ida E. Rayborn, amounting to the sum of $17,392.45, which was approved by the executrix and allowed by the county court prior to the filing of the petitions for leave to sell real estate to pay debts. It is charged that the claim of Ida E. Rayborn is fraudulent and fictitious and its allowance brought about by collusion with the executrix, upon which question it is not necessary to pass in deciding this case.

The executrix filed her first petition for leave to

sell real estate to pay debts in the county court of Morgan county, praying that the lands specifically devised in trust to appellants be sold to pay said debts. A decree was entered in pursuance of said petition and prayer, which was reversed at the April term, A. D. 1924, of this court, Gen. No. 7,723. [234 Ill. App. 183.] The cause being remanded to the county court of Morgan county, the widow, Ida E. Rayborn, renounced the terms of the will and accepted the portions of the estate provided for her by statute. No effort has been made to set off the dower and home-stead of the widow in the lands and the petition does not ask for such relief. Thereafter, the executrix, abandoning the former petition, filed her amended petition in the county court for a decree to sell the houses and lots in the City of Jacksonville and the Greene county lands first, and to sell the same subject to the dower and homestead rights of the widow, and that resort do not be had to the lands devised to appellants unless there be a deficiency, in which case the sale of those lands is prayed.

Appellants answered the petition averring that the claim of Ida E. Rayborn was unjust and fraudulent and allowed by the collusion of said claimant and executrix, and denied that the petitioner was entitled to a decree to sell said lands subject to the dower and homestead rights of the widow, and averred that to sell said lands subject to dower and homestead would result in a gross sacrifice in their value, and that no purchaser could be procured who would bid the fair value of said lands, and averred that the whole object of the proceeding, the allowance of said claim and the filing of said petition, and the attempt to sell the lands, as prayed for in the petition, was for the purpose of destroying said trust or rendering it ineffective.

To the petition as filed in the name of Ethel May Rayborn, as executrix, the widow, Ida E. Rayborn,

and Ethel May Rayborn individually, entered their appearances as defendants, and were defaulted. There was a hearing and a decree as prayed for, except the court found that the said Ida E. Rayborn, widow, had not consented to a sale of her estate of dower; found the identity of the homestead premises of the said widow, and determined that the value of the same was in excess of $1,000 and ordered the same sold free of the homestead estate, and decreed that the sum of $1,000 be paid to the widow in lieu of said estate, without the consent or written request of said widow, and the decree provided that all lands, including the estate of homestead, should be sold subject to the widow's dower. The appellants excepted to all of these proceedings and by appeal have brought the record to this court.

The question is raised in this case, under the Act authorizing county and circuit courts to carry out the power in administrators and executors to sell lands to pay debts of decedents [Cahill's St. ch. 3, ¶ 99 et seq.], whether it is error to decree such sales, subject to dower, in a case where the widow is a party over the objection of the heir or devisee. Appellees contend that the sale is legal and the proceeding free from error, citing *Kenley v. Bryan*, 110 Ill. 652, and *Oettinger v. Specht*, 162 Ill. 179.

In *Kenley v. Bryan, supra,* the administrator filed his petition in the county court for the sale of lands to pay debts and for the assignment of dower and homestead. Commissioners were appointed and the dower and homestead were assigned and by the terms of the decree all lands were sold, those free from incumbrance as well as the lands assigned, subject to the dower and homestead. No objections were raised, pending the hearing in court or to the approval of the sale. Several years later some of the heirs filed a bill in the nature of a bill to review the proceedings and to impeach the decree for fraud. In this case, the debts

exceeded the value of the land, and it was held that the court had jurisdiction to order the dower lands sold subject to the dower.

In *Oettinger v. Specht, supra,* the administrator filed his petition in the county court for the sale of land to pay debts and also for the assignment of dower and homestead. Commissioners were appointed who set off lots for a homestead, but reported that dower could not be set off to the widow without manifest prejudice to the parties in interest, and the court decreed the sale of the lands subject to the dower. There was a sale and the court approved the sale, without any objection being made to the proceedings. Several years later, one of the heirs having died, her administrator sued out a writ of error from the Supreme Court to reverse the decree and it was held, on the authority of *Kenley v. Bryan, supra,* only, that the county court had jurisdiction to order the sale of the lands to pay debts, notwithstanding the lands were subject to dower. No other cases are cited by appellees. Other cases could be cited and there are cases where the estate of the heir may be levied on and sold for the payment of his debts subject to the homestead estate of the widow of the deceased (*Claffy v. Farrell,* 196 Ill. App. 246; *Brokaw v. Ogle,* 170 Ill. 115, and *Dinsmoor v. Rowse,* 200 Ill. 555), and under section 101 of the Administration Act the court may order a sale of the estate of homestead and fee together and divide the proceeds of the sale by giving to the person entitled to the homestead *the cash value of the same.* (Section 101, ch. 3, Rev. St.; Cahill's St. ch. 3, ¶ 102; *Hayack v. Will,* 169 Ill. 145; *Reminger v. Joblonski,* 271 Ill. 73.) Cases may be found where any interest in land and subject to any kind of an incumbrance has been sold and the sale upheld, but they are of little value to the decision in this case as the circumstances were different or the objection was not raised.

In the case at bar, the court found that the value of the premises occupied as a homestead was in excess of $1,000 and ordered the same sold free from the homestead estate. There is no testimony in the record tending to show the value of said premises; no attempt was made to have the homestead estate set off or assigned and the widow did not consent in writing to the sale of the homestead estate. In addition, the decree provides for dower in all the lands, including the homestead. Appellants contend that that portion of the decree is void, citing: *Hartman v. Schultz*, 101 Ill. 442; *Mueller v. Conrad*, 178 Ill. 284; *Powell v. Powell*, 247 Ill. 432, and *Reminger v. Joblonski*, 271 Ill. 73, while appellees insisted that appellants should be estopped from raising this question, inasmuch as appellants in their answer insisted that in equity and good conscience that for the homestead of said widow she should be paid $1,000 and the real estate in which she had a homestead should be sold free and discharged of her homestead estate. Doubtless appellants intended by their answer that the homestead estate should be sold in a legal manner and not by a method in which "she could eat her cake and keep it."

In *Powell v. Powell, supra,* the court after reciting section 8 of the Exemption Act [Cahill's St. ch. 52, ¶ 8] as to the enforcement of liens in a court of equity, and providing for the sale of the lands freed from the homestead estate when the value exceeds $1,000, and sections 10 and 11 of the same Act [Cahill's St. ch. 52, ¶¶ 10, 11], providing for commissioners to appraise the lands and report to the court whether the lands are susceptible of division, and section 4 [Cahill's St. ch. 52, ¶ 4] for the release of the homestead by an order of a court of competent jurisdiction, where the exemption is continued for the benefit of a child or children, and section 101 of the Administration Act, to which we have referred, holds:

"There is nothing in these statutory provisions that expressly authorizes the heirs or devisees of the de-

ceased householder to compel the surviving husband or widow to vacate, release, abandon or sell the homestead where it is not susceptible of assignment and is of greater value than $1,000. Still, in the construction of the Homestead law, which expressly limits the extent of the homestead estate to $1,000, in connection with other provisions of the statute, this court has held that the surviving husband or widow is not entitled to the exclusive possession of an unassignable homestead which is worth more than $1,000 (*Wilson v. Illinois Trust & Savings Bank*, 166 Ill. 9), and that a court of equity, under its general chancery powers, independently of the Partition Act, had jurisdiction to enter a decree adjusting the respective rights of the heirs or devisees and the party entitled to the homestead. (*Mix v. King*, 55 Ill. 434; *Hotchkiss v. Brooks*, 93 Ill. 386; *Wilson v. Illinois Trust & Savings Bank, supra.*)"

The reason of the rule is plainly stated in *Hartman v. Schultz, supra,* at page 442; *Mueller v. Conrad, supra,* at page 281; *Reminger v. Joblonski, supra,* and *Powell v. Powell, supra,* that the exemption is from levy and forced sale for the payment of debts or other purposes, and it is a matter of no difference as to the amount of judgments or the number of decrees; unless the statute is followed, the sale is void. Language could not be plainer or reasoning more cogent to carry out the spirit of the Exemption Act.

There has never been any authority to forcibly extinguish a homestead estate in lands where the same were not susceptible of division and the value of the lands exceeded the sum of $1,000, except by following the statute, or under the general chancery powers of a court of equity. (*Wilson v. Illinois Trust & Savings Bank*, 166 Ill. 13; *Powell v. Powell*, 247 Ill. 438; *Macaulay v. Jones*, 295 Ill. 618, and *Richardson v. Trubey*, 250 Ill. 582.) County courts and courts of probate have no such equity or chancery powers. (*Hannah v. Meinshausen*, 299 Ill. 530; *Sebree v. Sebree*, 293 Ill. 234; *Therens v. Therens*, 267 Ill. 592; *Bocock*

*v. Leet,* 210 Ill. App. 411; *Garrard v. Ashbrook Co.,* 222 Ill. App. 392.)

In the opinion of this court the decree ordering the sale of the lands free from the homestead estate was void. It was error also under the decree to order the sale of all the lands, including those freed from the homestead estate to be sold subject to dower. The widow was not entitled to her homestead estate in cash and dower in the same lands. *Merritt v. Merritt,* 97 Ill. 243.

As to that part of the decree providing for the sale of the lands subject to the widow's dower. Under section 18 of the Dower Act [Cahill's St. ch. 41, ¶ 18], it became the duty of the heir at law, or other person having the next estate of inheritance or freehold in said lands or estate, to lay off or assign dower as soon as practicable after the death of the testator. This section did not become operative in the case at bar until the widow had renounced under the will. The renunciation was filed July 18, 1924. The petition in this cause was filed August 4, 1924. It was the duty of Ethel May Rayborn, not as executrix but as an heir, as soon as practicable after said renunciation to proceed to lay off and assign dower to the widow. This she could have done in her petition in this cause under section 44 of the Dower Act [Cahill's St. ch. 41, ¶ 44]. After thirty days, if dower was not assigned under section 19 of the Dower Act [Cahill's St. ch. 41, ¶ 19], the widow could sue for and recover the same. Certainly, in the very language of the statute, it was the "duty" of the heir to lay off and assign dower within thirty days. This she did not do, but in this proceeding is urging a decree for an order to sell lands subject to the dower rights of the widow. In a similar proceeding in *Grote v. Grote,* 275 Ill., on page 209, the court said:

"All the parties, whether complainants or defendants, were equally interested in this adjudication and each had a right to have all questions correctly de-

termined. To make the decree of sale subject to dower without determining its value was to leave a large part of the litigation undetermined. The expense of this suit would have been to a large extent wasted and the purchaser would be left to contest in another suit the amount of the widow's dower if he did not settle with her. This would necessarily affect unfavorably to the heirs the price which the property might be expected to bring at the sale. The parties had a right to have this question settled in this litigation, and it was error prejudicial to the appellants to decree, against their objection, a sale reserving to the widow, a party to the suit whose rights could be determined now, the right to future litigation with the purchaser.'' The cause was reversed and remanded for the causes given.

In a case where the executor or administrator is not an heir and not interested in the estate and is administering the estate fairly, impartially and honestly, the court need not be concerned whether the representative, in a proceeding to sell land to pay debts, applies to cause dower and homestead or either to be assigned and set off; but when the representative of the estate is an heir and interested in the estate and applies to sell real estate without the assignment of dower and homestead, or either, in a proper case for assignment of such estate, to the evident sacrifice of the selling value of the lands, the court should refuse a decree upon the objection of a party interested.

For the reasons given the decree of the county court of Morgan county is reversed and the cause remanded to that court for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*