# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

HARRIET A. WILSON

*v.*

THE ILLINOIS TRUST AND SAVINGS BANK, Exr.

*Filed at Ottawa April 3, 1897.*

1. WILLS—*construction of provision concerning devise of a contemplated residence.* A provision in a will that if the testator should acquire another home than the one he then occupied, as was contemplated, his daughter should hold the new home for life and that his widow might reside with her, cannot be construed to cover the home then occupied, which is otherwise devised.

2. HOMESTEAD—*homestead is limited to $1000, though rights of creditors are not involved.* The estate of homestead to which a widow is entitled in her husband's estate by the provisions of the Exemption act is limited in value to $1000, notwithstanding the rights of creditors are not involved.

3. EQUITY—*equity may require widow to accept value of homestead right and surrender possession.* Where a testator devises his residence to his executor in trust for the beneficiaries in his will, and the value thereof exceeds the amount of the widow's homestead therein, upon a bill for a construction of the will and relief equity may require the widow to accept $1000 in lieu of her homestead.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

DEFREES, BRACE & RITTER, for appellant:

A widow is entitled to use and occupy as a homestead the premises so used and occupied by her husband at the time of his death; and as between her and his executor the $1000 limitation has no application,—at least when the rights of creditors are not involved. Starr & Curtis' Stat. chap. 52, secs. 1-12.

Even if a widow's homestead is limited to $1000, the law has provided no machinery by which the executor can obtain possession of the residue or compel her to accept money in lieu of her homestead right. A court of equity has no jurisdiction for the purpose of ousting her or putting the executor in possession. Starr & Curtis' Stat. chap. 52, secs. 1-12; chap. 106, secs. 22, 32; *Merritt* v. *Merritt*, 97 Ill. 243.

PRUSSING & McCULLOCH, for appellee:

A homestead estate is limited "to the extent in value of $1000." Rev. Stat. chap. 52, sec. 1; *Hotchkiss* v. *Brooks*, 93 Ill. 386; *Moriarty* v. *Galt*, 112 id. 378; *Eldridge* v. *Pierce*, 90 id. 481; *Merritt* v. *Merritt*, 97 id. 243; *Watson* v. *Doyle*, 130 id. 425.

Where the property exceeds in value $1000 the excess is subject to alienation and devise. *Eldridge* v. *Pierce*, 90 Ill. 474; *Haworth* v. *Travis*, 67 id. 304.

A court of chancery has jurisdiction and power to authorize the payment of $1000 in lieu of homestead rights, and to compel the surrender of possession of the land. *Hotchkiss* v. *Brooks*, 93 Ill. 387; *Watson* v. *Doyle*, 130 id. 425.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant is the widow of William G. Wilson, deceased, and appellee is executor and trustee under his will. At the time of his death he owned and occupied as his residence, with his family, consisting of appellant and their minor daughter, Marguerite Wilson, certain prem-

ises situated at the south-west corner of Lake and Oakwood avenues, in the city of Chicago. By the will this property, with other estate, was devised to appellee in trust for appellant, the minor child, Marguerite, Alice May Coykendall, his married daughter, and others, as beneficiaries under the will. After his death appellant continued to occupy the homestead with the minor daughter. Many questions having arisen as to the true construction of the will and the trusts thereby created, appellee filed its bill in this case for such construction and for relief accordingly. The court decided all the questions presented to the satisfaction of all parties, except as to the homestead right in the above mentioned property. As to that property the court found that it was worth $36,000; that appellant was entitled to a homestead therein to the extent and value of $1000; that the premises were not susceptible of partition or division so as to set off $1000 in value, or any part of the premises for a homestead; that her claim to be entitled to the possession and to the rents, issues and profits of the whole of the premises was unjust, inequitable and unlawful, and that $1000 was the whole value of her homestead right in the premises. The court decreed that upon payment to her of said $1000 she should be required to deliver up possession to appellee. There are no creditors to be affected. No complaint is made of the method adopted by the court in adjusting the rights of the parties if appellant was not entitled to the occupancy and enjoyment of the whole premises, and if the court had any right to make any adjustment at all between them.

Appellant asserts that, whatever her rights may be by virtue of the statute exempting the homestead from the laws of descent or devise, she is entitled to occupy the premises jointly with her daughter Marguerite, as a home, by virtue of the sixth paragraph of the will. That paragraph recited that the testator had in contemplation the procuring of another home than the one in question;

and provided that in the event that he did procure such other home, and own and occupy the same at the time of his decease as a homestead, his daughter Marguerite might hold and occupy such future acquired home as long as she should live, and that appellant should have the use, with said daughter, of such other home as long as the daughter should occupy the same, provided appellant should not marry again or until she should again marry. The testator never procured any other home, as he had contemplated, but it is contended that on account of his failure to do so a like provision should attach to these premises. The will cannot be made to bear such construction. The provision was only to apply to the substituted home in case it should be purchased, and it was to consist of property other and different from that in controversy in this case, so that this home was not only not intended, but was excluded by the terms of the will.

Appellant says, however, that the most serious and important question presented in the case is whether the homestead is limited in value to $1000 where the rights of creditors are not involved, and she insists that it is not so limited. The argument is that the limitation is for the benefit of creditors, and that the home selected by her husband must be conclusively deemed to be the homestead of appellant, irrespective of its value, unless the rights of his creditors are thereby interfered with. This contention finds no warrant in the statute or in any principle of law. The homestead estate is purely a creation of the legislature, which has limited it to the extent and value of $1000, and has not made it to depend upon the kind of home selected or occupied. The exemption is equally from the laws of conveyance, descent and devise as from sale for debts, and there is no greater exemption against the grantee, heir or devisee than against the creditor. The devisee and beneficiaries under the trust created have equal rights with creditors or any other class of claimants. The interest which had been a fee

simple title to the homestead premises in William G. Wilson was continued after his death for the benefit of appellant, and in her it was a right to occupy the premises to the extent and value of $1000. (*Merritt* v. *Merritt*, 97 Ill. 243.) Subject to this right of occupancy the premises were vested in appellee, as executor and trustee.

But it is also argued, that even if the homestead right of appellant is limited to $1000 and appellee's interest in the premises amounts to $35,000, yet she may occupy and retain possession of the whole premises for the lack of any provision in the statute for adjusting the rights of the parties where the premises cannot be divided. Attention is called to the provisions in the Statute of Exemptions for the payment of the amount of the exemption to the person entitled thereto in the enforcement of a lien or of claims against the owner, and as these are the only cases provided by statute where the value of the homestead may be paid to the owner and he be compelled to take it, it is insisted that there can be no other, and that there is no machinery by which the rights of the parties can be adjusted. That does not necessarily follow; but equity has often taken jurisdiction in order to do complete justice, whether on account of special circumstances affecting the rights of parties or from the inherent defects of legal procedure. Courts of equity have entertained and exercised jurisdiction in partition from an ancient period, because the operation of legal remedies was imperfect and incomplete. At common law the writ of partition, which originally lay only in case of land held in coparcenary but which was afterward extended to joint tenancies and tenancies in common, was the only remedy. Our statute provides for a petition in lieu of the old writ of partition, and prescribes the practice. That statute, with the exception of the last two sections, relates to a proceeding at law. (*Labadie* v. *Hewitt*, 85 Ill. 341; *Hopkins* v. *Medley*, 97 id. 402.) But it nowise affects the jurisdiction of equity, which

has long been well established. In a sale under the Partition act appellant's homestead could not be sold with the rest of the property, without her consent in writing filed in the case. (*Merritt* v. *Merritt, supra.*) But equity has a concurrent jurisdiction, under which, in cases like the present, more complete relief may be afforded for the protection and enjoyment of different rights and interests than can be had under that act. If a court of equity were powerless to prevent a person having a right of occupancy to the extent of $1000 in value in premises of the value of $36,000 from occupying and using the entire property, while the owner of the balance of the estate, amounting to $35,000, must stand idly by and have no benefit or enjoyment of his property, the court would fail of its purpose. Its powers are not so restricted, and it was held in *Mix* v. *King*, 55 Ill. 434, that a court of equity would interfere between the purchaser under a trust deed and the wife entitled to a homestead right to restore her to her right, and, if the homestead could not be set off, would sell the premises, unless the purchaser under the trust deed would pay the wife $1000 for her homestead and also the balance due for rents and profits. In *Hotchkiss* v. *Brooks*, 93 Ill. 386, a court of equity was sustained in decreeing that the grantee of premises worth $4750, subject to a homestead right, should pay to the clerk of the court $1000 for the use of the owner of such homestead right in lieu of her homestead, and on such payment being made she should surrender possession. It was held not equitable to allow the owner of the homestead right to retain the whole of the property because it could not be divided. That case is conclusive of the right of a court of equity to enter a decree such as was entered in this case, under the special circumstances shown. See, also, *Watson* v. *Doyle*, 130 Ill. 415.

The decree will be affirmed.    *Decree affirmed.*