DORA AKERS

*v.*

MARY J. CLARK *et al.*

*Opinion filed February 19, 1900.*

1. WILLS—*devise precisely in accordance with laws of descent is void.* A devise giving precisely the same estate and interest as the devisee would otherwise take by descent is void, for the reason that a title by descent is a worthier title than by devise or purchase.

2. DEEDS—*when a grantor's heirs take as reversioners and not as remainder-men.* A deed conveying a life estate to the grantee and "at her death to revert back to my heirs" creates a life estate only, the fee being in the grantor and his heirs as reversioners, and the grantor, being a reversioner first in order of time, may dispose of the fee by will or deed, subject only to the life estate created.

APPEAL from the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

NEAL & WILEY, for appellant.

JOHN McNUTT, Jr., and JAMES W. & EDWARD C. CRAIG, for appellee Eliza Jane Snapp.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On the 11th day of October, 1892, William Clark conveyed the west half of the north-east quarter of section 33, township 12, north, range 7, east of the third principal meridian, to Mary J. Clark. The deed contains the following language: "William Clark conveys and warrants to Mary J. Clark during her natural life and at her death to revert back to my heirs." Clark died December 20, 1897, leaving him surviving Mary J. Clark, the grantee in that deed, his widow, and certain children and grandchildren, as his only heirs-at-law. On the 29th day of November, 1897, said Clark executed a will, by which he devised the fee in the premises in the deed described, to his daughter, Eliza Jane Snapp, subject to the life

estate of Mary J. Clark, which will was duly probated.
The will contains this language: "I will and devise to
my beloved daughter, Eliza Jane Snapp, wife of Jona-
than Snapp, the farm on which I now reside, at the death
of my beloved wife, Mary, in accordance with the deed
above mentioned, to her and her heirs forever." Certain
of the children of Clark filed a bill for partition, making
certain grandchildren and Eliza J. Snapp defendants.
The latter answered, setting up the execution of the deed
with the clause as stated, and averring the execution of
the will, duly probated, etc. The evidence was in ac-
cordance with the answer, and on hearing a decree was
entered dismissing the bill for want of equity. The com-
plainants prosecute an appeal to this court, and assign
as errors the failure to render a decree for partition and
the dismissal of complainants' bill.

It is stated by Washburn in his work on Real Prop-
erty (vol. 2, p. 242): "It is accepted as one of the dogmas
of the common law, that if one makes a limitation to
another for life, with a remainder over, either mediately
or immediately, to his heirs or the heirs of his body, the
heirs do not take remainders at all, but the word 'heirs'
is regarded as defining or limiting the estate which the
first taker has, and his heirs take by descent, and not by
purchase. So if a man by his will gives an estate to his
devisee for life, with a remainder over to his own heirs,
they do not, at common law, take as remainder-men by
the will, but by descent as reversioners and heirs, that
being regarded as the better title. The statutes in sev-
eral States have changed the rule in *Shelley's case,* so that
in similar cases the heirs now take as remainder-men.
But such a remainder is contingent during the life of the
first taker."

A devise giving precisely the same estate and interest
in property as the devisee would take by descent if the
devise had not been made, is void, for the reason that a
title by descent is regarded as a worthier or better title

than by devise or purchase. (*Kellett* v. *Shepard*, 139 Ill. 433.) The grant in this case, by this deed, was a life estate to Mary J. Clark. The grantor could have no heirs until after his death, and by the insertion of the words "and at her death to revert back to my heirs," the conveyance with reference to the interest remaining after the life estate ended would necessarily revert to the grantor, or by descent the reversion would pass to his heirs. This would result in exactly the same way if the words "and at her death to revert back to my heirs" were omitted from the deed. It was not a grant of a life estate to Mary J. Clark and remainder to any person, and it being the case that whilst living he could have no heirs, the fee remained vested absolutely in the grantor, with a life estate carved thereout in favor of the grantee named in the deed.

Without, however, rejecting any word in the conveyance, by the terms of the deed the heirs would take as reversioners and not as remainder-men. It is said in Washburn (p. 395): "At common law, if a man seized of an estate limited it to one for life, remainder to his own right heirs, they would take not as remainder-men but as reversioners; and it would be, moreover, competent for him, as being himself the reversioner, after making such a limitation, to grant away the reversion." The same principle was announced in *Hobbie* v. *Ogden*, 178 Ill. 357, where it was held that a trust deed made to carry out a divorce decree by carving out an equitable life estate for the use of the grantor's divorced wife, which provided that upon the termination of the life estate the trustee should re-convey to the grantor "or his heirs," does not create a remainder in any one, but merely stipulates for a re-conveyance of the title, which equitably remained in the grantor subject to the trust, and that the grantor's devisee might enforce the re-conveyance in equity. By the deed in this case no vested interest passed to any one but Mary J. Clark. The remainder, after the expi-

ration of her life estate, under the law as well as under the deed, reverted to the grantor or his heirs. He being a reversioner first in order of time, might dispose of the fee absolutely by will or by deed. The devise to Eliza Jane Snapp passed the entire estate in reversion.

It was not error to dismiss complainants' bill. The decree of the circuit court of Coles county is affirmed.

*Decree affirmed.*