(No. 14170.—Cause transferred.)
Andrew H. Mills, Exr. Appellee, vs. John Sawyer et al.
Appellants.

*Opinion filed April 19, 1922.*

Wills—*when appeal involving a will does not lie to Supreme Court.* Where a will directs the executor to sell the real estate and distribute the proceeds there is an equitable conversion, and an appeal lies to the Appellate Court from a decree on a bill filed to construe the will to determine who are the proper distributees of the proceeds of the sale.

Appeal from the Circuit Court of Macon county; the Hon. William K. Whitfield, Judge, presiding.

Lawrence C. Wheat, for appellants.

Webber & Webber, for appellee.

Mr. Chief Justice Stone delivered the opinion of the court:

This is a bill to construe a will. John Sawyer, Sr., died January 12, 1894, leaving surviving him seven children,—John, William, Orlando and Edwin, and Emma Butler, Mary Packard and Anna Harnsberger. By the second clause of the will the appellee was nominated as executor and directed to dispose of all the real estate of the testator except the eighty acres in question here, and to hold the proceeds in trust for the uses and purposes in the will thereafter provided, designating the fund as the testator's residuary estate. The third, fourth, fifth and seventh clauses of the will contained bequests to various of his children. By the sixth clause he bequeathed the residuary estate created by the second clause of the will, after the payment of costs of administration and legacies, to all of his children, share and share alike, naming them, except Edwin, who was not included. By the eighth clause of the will the eighty acres not devised to the executor with directions to sell was de-

vised to him in trust, with directions to keep the same rented and to use the net income for the support and maintenance of the testator's son Edwin during his natural life. This son was afflicted and unable to care for himself. This clause further provided as follows: "In case the said Edwin Sawyer shall die leaving heirs of his body surviving him, then and in that case the said premises shall be sold by my said executor at private sale, and out of the proceeds thereof my said executor shall pay to the said heirs of the body of my said son Edwin Sawyer the sum of $3000, share and share alike, as their absolute property, and shall divide the residue of said proceeds derived from said sale of said premises equally between my said children mentioned in item 6 above and the heirs of the body of said Edwin Sawyer, share and share alike; and in case the said Edwin Sawyer shall depart this life without leaving heirs of his body surviving him, then my said executor is hereby authorized to sell at private sale the said premises and to divide the proceeds thereof equally between my said children mentioned in said item 6 above, share and share alike." Edwin Sawyer was never married and died on February 11, 1920.

The question involved in this case is, who is entitled to the fund arising out of the sale of the lands devised to Edward for life? The will directs the executor to sell the lands and divide the proceeds. Under the well settled rule in this State this is an equitable conversion of the realty into personalty. Those who take under the will, whoever they may be, will take personal property and not real estate. There is therefore no question in which a freehold is involved.

This court does not have jurisdiction on direct appeal to consider questions arising on the construction of a will where a freehold is not involved. The cause is therefore transferred to the Appellate Court.    *Cause transferred.*