(No. 19293.—

SAMUEL MERKEL, Appellee, *vs.* ISAAC WOODSIDE, Appellant.

*Opinion filed February 20, 1929.*

L. A. CRANSTON, for appellant.

D. F. MOORE, for appellee.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Samuel Merkel filed a bill of complaint against Isaac Woodside in the circuit court of Perry county for an injunction to restrain the defendant from maintaining an obstruction in a public highway. A decree was rendered in substantial conformity with the prayer of the bill. From that decree the defendant prosecutes this appeal.

It is alleged in the bill that the complainant is possessed of the west half of the southwest quarter of the northwest quarter of section 17, township 5 south, range 1 east of the the third principal meridian, in Perry county; that for more than twenty years a public highway separating the north and south halves of sections 17 and 18 and extending approximately three-quarters of a mile west from the center of section 17 has existed; that for the same period this highway has been in general use by the public and has been maintained and repaired at public expense; that it has never been vacated or abandoned; that it runs adjacent to the homestead of the complainant and is his only means of ingress and egress; that the defendant, on or about May 1, 1927, built a fence for a distance of eighty rods west from the northeast corner of the southeast quarter of section 18, thereby completely obstructing traffic along the south half of the highway, and that the defendant refuses to remove the obstruction and threatens to prevent its removal by force.

The defendant filed an amended plea, and an amended answer in support of the plea, both verified. By his amended plea the defendant averred that on May 26, 1923, the complainant and others filed a petition with the commissioner of highways praying that a public road 40 feet in width be laid out; that a portion of this road extended

over the south 23½ feet of the southeast quarter of the northeast quarter and the north 16½ feet of the northeast quarter of the southeast quarter of section 18—two strips parallel and contiguous to each other, aggregating 40 feet in width, and constituting that part of the road described in the complainant's bill which the defendant obstructed by building the fence; that the defendant owns and is in possession of the northeast quarter of the southeast quarter of section 18; that on June 22, 1923, at a special meeting the commissioner of highways granted the prayer of the petition provided the complainant and others would defray the damages and improve the road; that neither the complainant nor any other person paid or offered to pay the defendant damages for the north 16½ feet of his land; that nearly four years after the commissioner of highways granted the petition the defendant built the fence along the north line of his land, and that the action of the complainant in petitioning for a new road and his failure to pay the defendant damages for the land taken therefor estop the complainant from maintaining his suit.

The defendant by his amended answer admitted the existence of a public highway along the line dividing the north and south halves of sections 17 and 18 and extending west three-quarters of a mile from the center of section 17, but he denied that it had been used as a public highway for more than twenty years. He averred the filing of the petition with the commissioner of highways for the laying out of a public highway, the proceedings upon the petition and the granting of its prayer, as set forth in his amended plea. He further averred that for some years prior to the filing of the petition a public road existed which occupied approximately the north 16 feet of his land, described as the northeast quarter of the southeast quarter of section 18; that there was a fence on the north line of his tract of land, and when the highway commissioner granted the prayer of the petition the owner of the land immediately north of the de-

fendant's land moved the fence 23½ feet north of the dividing line; that thereafter the public abandoned the road formerly used by it to the south of that line and has since used the strip to the north; that upon inquiry by the highway commissioner the defendant offered to build a fence 16½ feet south of the north line of his land for $65; that while this offer was a reasonable one, neither the complainant nor any of the other petitioners paid, or offered to pay, the defendant his damages; that after the lapse of four years from the granting of the petition, and after the abandonment of the road upon the defendant's land, he constructed the fence described in the complainant's bill, and that upon the payment of $90, which is a reasonable charge, he is willing to move the fence to a line one rod south of and parallel with the north line of his land. The defendant denied that any work had been done upon the north 16 feet of his land at public expense.

After certain preliminary proceedings, the court, on a hearing, held the amended plea insufficient. The complainant then filed exceptions to the amended answer, and it, too, was found insufficient. The defendant elected to stand by his plea and answer. The bill of complaint was taken as confessed by him, and the decree followed.

The only ground upon which this court can entertain jurisdiction of the instant appeal is that a freehold is here involved. (Practice act, sec. 118.) A freehold is involved in a case where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a determination of that issue. (*Duncanson* v. *Lill,* 322 Ill. 528; *Bennett* v. *Bennett,* 318 id. 193; *Cunningham* v. *Cunningham,* 303 id. 41; *Taylor* v. *Taylor,* 223 id. 423; *Nevitt* v. *Woodburn,* 175 id. 376; *Goodkind* v. *Bartlett,* 136 id. 18; *Sanford* v. *Kane,* 127 id. 591.) A freehold is not involved where it is only incidentally or collaterally in ques-

tion, and a decision with respect to the right to relief or the ground of defense is not based upon it. *Mayor of Roodhouse* v. *Briggs,* 194 Ill. 435; *Bartley* v. *Peoria Park District,* 251 id. 373; *Town of Mattoon* v. *Elliott,* 259 id. 72; *Cunningham* v. *Cunningham, supra.*

The existence of a public highway running east and west over the north end of appellant's tract of land prior to the filing with the commissioner of highways of the petition for a new road is admitted by appellant in his amended answer. The routes of the existing highway and the new road laid out pursuant to the petition, so far as appellant's land is concerned, are substantially the same. The line upon which appellant built the fence, nearly four years after the commissioner of highways had granted the prayer of the petition, was within the highway as it existed both before and after the filing of the petition. By his amended plea appellant seeks to invoke an estoppel against appellee's maintenance of his suit. On the pleadings one party could not gain and the other lose a freehold, nor, as between them, is the title to the freehold so put in issue by the pleadings as to make the determination of that issue necessary to a decision of the case. Hence a freehold is not here involved and this court has no jurisdiction of this appeal.

The question of jurisdiction has not been raised by the parties. Consent or acquiescence cannot, however, confer jurisdiction of the subject matter, and it is our duty to decline to proceed in a cause where jurisdiction to determine it is wanting. *Dunlap* v. *Myers,* 325 Ill. 398; *Duncanson* v. *Lill, supra; Bennett* v. *Bennett, supra; Stoddard* v. *Illinois Improvement Co.* 271 Ill. 98; *Burroughs* v. *Kotz,* 226 id. 40; *Brockway* v. *Kizer,* 215 id. 188.

The appeal should have been taken to the Appellate Court for the Fourth District, and the cause will be transferred to that court.                *Cause transferred.*