(No. 21258.—

RUTH ANDERSON, Defendant in Error, *vs.* ARTHUR ANDERSON, Plaintiff in Error.

*Opinion filed June 24, 1932.*

HARRY M. PHIPPS, for plaintiff in error.

BENJAMIN H. EHRLICH, (AARON H. COHN, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

By this writ of error plaintiff in error, Arthur Anderson, defendant in the circuit court of Cook county in a bill for divorce, seeks to have reversed certain orders entered by the court supplementary to its final decree granting defendant in error, Ruth Anderson, complainant, a divorce from him and approving a property settlement between them.

On May 18, 1931, complainant filed in the circuit court a petition in which she alleged, in substance, that on February 6, 1931, she obtained a decree in that court for a divorce from defendant; that the decree provided for a property settlement between her and defendant in accordance with a written agreement between them; that by the decree the court retained jurisdiction for the purpose of carrying out said agreement; that she executed her deed of trust for all mortgages she was to give defendant; that she advanced large sums of money for his account, to be applied against the $10,000 given him by the agreement to enable him to remove encumbrances; that she has advanced large sums of money to purchase an outstanding minor's interest in one parcel of property she was to receive by the settlement and has deposited in escrow with the Chicago Title and Trust Company all necessary papers, documents and funds to complete the settlement; that defendant failed to carry out the settlement agreement and has not delivered to her items of equipment required of him and has failed to deliver merchantable titles to property taken by her, and that on May 7, 1931, he notified the Chicago Title and Trust Company that Charles M. Haft and Leo J. Hassenauer, his solicitors, had been discharged, and to disregard their instructions in regard to the escrow agreement with that company and herself and defendant, to the effect that all documents and money be withdrawn from the escrow to clear up the titles of property acquired by her on the joint order of her solicitor and Haft, as his representative. The

prayer of the petition is that a rule be entered on defendant to show cause why he should not be punished for contempt of court for failure to carry out the agreement, and that the Chicago Title and Trust Company and the attorneys for defendant might be restrained from transferring to defendant or others the notes, mortgages and other documents that she had executed under the property-settlement agreement.

On May 26, 1931, leave was given to the attorneys of record for defendant, Hassenauer & Church and Haft, Robertson & Crowe, to withdraw from the case as his attorneys, and on motion of complainant it was ordered that they deposit in the safety deposit vault of the Continental-Illinois Trust and Savings Bank certain notes and mortgages in their possession that had been executed by complainant under the property-settlement agreement. On June 30, 1931, on an agreement in open court between defendant and his attorneys of record, the court entered an order that they retain and have as their fee for services rendered defendant, certain real estate mortgages executed by complainant on property taken by her under the settlement agreement, and on which, by the terms of the agreement, she was to execute the mortgages to defendant, and that they also retain two-thirds of the money held in escrow by the Chicago Title and Trust Company under the agreement between defendant and complainant.

So far as the record shows no further orders were entered on the petition of complainant filed on May 18, 1931. On September 30, 1931, she filed another petition, in which she alleged, in substance, the entry of the decree for divorce and the approval of the property-settlement agreement between her and defendant; that by the settlement agreement she was to receive good and merchantable title to five properties, subject to certain mortgages, and was to make certain payments to defendant; that she and defendant made an escrow agreement, with the Chicago Title and Trust

Company as custodian, and under her agreement she executed all deeds, notes, mortgages, trust deeds and other documents required of her; that she deposited in escrow $5000 and has become liable to the trust company for a large unknown amount; that the properties deeded to her by defendant have defective titles and she cannot get a guaranty policy to them; that the attorneys discharged by defendant acted for him in the entry of the decree in the settlement agreement, and she and her solicitor have done everything possible to carry out the settlement agreement but defendant has refused to coöperate and has hindered and prevented it; that he has notified the trust company to disregard his solicitors' instructions, and his attorney William J. Robinson has informed her that he cannot get defendant to take the required steps by signing papers with the trust company; that complainant has made herself liable on notes and mortgages which are still under the jurisdiction of the court and has expended large sums of money, and the titles she procured are of no great value; that she is threatened with foreclosure of one of the mortgages signed by her under the agreement, and that it has become necessary to procure the aid of the court in order that she may protect her property rights. The prayer of her petition is that the court modify the decree by awarding her such property as she may be entitled to in law or equity and the return of such sums as may be due her from defendant; that she be given an allowance for permanent alimony and solicitor's fees and the return to her of such personal property as she may be entitled to; that the court cancel and annul the decree as void in so far as it affects mortgages and documents executed by her in compliance with the settlement; that the trust company return her papers, documents and money held by it as custodian; that the former attorneys of defendant surrender all notes and mortgages held by them, and that a rule be entered against defendant to show cause why he should not be punished for contempt of court for

his failure to comply with the order and the decree theretofore entered.

On October 3, 1931, defendant filed his answer to the petition of complainant, in which he admitted the entry of the decree for divorce, which approved the property-settlement agreement between the parties and in which the court retained jurisdiction "for the purpose of carrying said agreement into effect." By his answer he denied that the court had jurisdiction to modify that decree by awarding complainant any property, as the question of the ownership of the property was involved in a case between the parties then pending in the superior court of Cook county. He alleged that the divorce decree should be opened up and vacated and that he be permitted to file an amended answer to the bill for divorce and a cross-bill, for the reason that his attorneys violated his instructions in allowing the decree for divorce against him to be entered without a contest. He denied that he was in contempt of court, and asked the court to enter such orders that justice might be done. On October 13, 1931, defendant also filed a petition for leave to file a bill of review for the purpose of having the divorce decree set aside, and submitted therewith the bill of review which he asked leave to file. The court denied leave to file the bill of review and on October 19, 1931, ordered defendant to appear in court on October 27, 1931, and show cause why he should not be punished for contempt of court for failure to comply with the decree of the court. On October 27, 1931, the court, on a hearing, entered an order finding that defendant was well able to carry out the terms of the property-settlement agreement between the parties and had contemptuously refused to do so in open court and was therefore guilty of contempt of court, and ordered that he be committed to the county jail for six months or until sooner purged of contempt.

The defendant has assigned as error that the court erred in granting a divorce to complainant and in approving the

property settlement between the parties. The questions attempted to be raised by such assignments of error are not presented for decision by the record filed in this case, because neither the decree for divorce nor the pleadings or evidence on which it was entered, nor the property-settlement agreement nor the decree approving the same, appear in the transcript of record filed in this court except as they are set out in the bill of review which the defendant was denied leave to file. The circuit court also refused to set aside or to modify the decree for divorce or the decree that the parties carry out the property-settlement agreement, as prayed by the supplementary petition by the complainant, and the complainant has assigned no cross-errors on this record. Therefore the only errors properly presented by defendant for the consideration of this court are the two assignments (Nos. 2 and 4) that the circuit court erred in refusing him leave to file his bill of review, assignment No. 8 that the court erred in awarding attorneys' fees to the former attorneys of record for defendant, and assignment No. 11 that the court erred in finding defendant guilty of contempt of court for failure to comply with the terms of the decree concerning the property-settlement agreement. This court has no jurisdiction to consider any one of these three assignments of error. There is suggested no ground upon which this court has jurisdiction to determine the question raised by assignments of error Nos. 2 and 4. In fact, this court has no jurisdiction to pass on that question, and, as we have no jurisdiction to consider that question, it is very apparent that we have no jurisdiction to consider the other assignments of error, Nos. 8 and 11. A freehold is involved only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the decision necessarily involves a decision of that issue. (*Chapman* v. *Northern Trust Co.* 294 Ill. 383;

*VanMeter* v. *Thomas,* 153 id. 65; *Malaer* v. *Hudgens* 130 id. 225.) Under the above decisions of this court no freehold can be involved in the question whether or not defendant should be granted leave to file his bill of review.

As no question of a freehold, a franchise, the validity of a statute, the revenue or other question is involved that gives this court jurisdiction of this cause, the writ of error should have been sued out of the Appellate Court for the First District, and the cause is for that reason transferred to that court.

*Cause transferred.*