(No. 21443.—

LAURA CHRISTIE *et al.* Appellees, *vs.* EDDIE BROUILLETTE *et al.* Appellants.

*Opinion filed October 22, 1932.*

JOHN A. MAYHEW, for appellants.

A. L. & C. M. GRANGER, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellants, Eddie Brouillette (herein called appellant) and Leona Brouillette, his wife, prosecute this appeal from a decree of the circuit court of Kankakee county in which the court found that by the terms of a deed conveying certain land in that county to appellant he was obligated to place the sum of $6635 in trust for appellees, Laura Christie and John Christie, and that there was an equitable lien on the land in favor of appellees for the performance of such obligation. By the decree the court ordered that appellant pay said sum to a trustee appointed by the court, and if he failed or refused so to do that the land be sold and the proceeds of the sale to the extent of $6635 be paid to the trustee for the benefit of appellees. An appeal from the decree to the Appellate Court for the Second District was prayed, allowed and perfected. The Appellate Court being of the opinion that the appeal was improperly taken to that court, transferred the cause to this court.

Appellee Laura Christie is the daughter of John B. Brouillette, deceased. Appellee John Christie is her son and only child. On September 13, 1920, John B. conveyed to appellant by warranty deed 160 acres of real estate in Kankakee county, and by the terms of the deed appellant agreed to pay to the grantor $600 a year during his lifetime and after the grantor's death to place the sum of $6000 in trust, the conditions of the trust to be as follows: The interest on the $6000 should be paid to Laura semi-annually during her lifetime, and if she died before John was thirty years of age the interest should be so paid to him until he reached that age. Upon the death of Laura, if John was then thirty years of age, or upon his becoming thirty years of age, his mother being dead, the sum of $6000 should be paid to him. If John died before his mother the $6000 upon the death of Laura should become the property of appellant. Subsequently, on June 22, 1928, appellant and his wife re-conveyed the land to John B. and he on the same date

again conveyed the property to appellant, and by the terms of the deed appellant promised and agreed to pay the grantor $600 a year and to furnish him a home with the grantee provided the grantor would pay the grantee $100 per annum. In case of sickness of the grantor the grantee was to care for, nurse and attend to the wants of the grantor for a reasonable compensation to be agreed upon by them. John B. died January 16, 1929. Appellant failed and refused to establish the trust in favor of appellees according to the terms of the deed made to him on September 13, 1920. Appellant contends that it was clearly the intention of John B. to nullify the contract under his deed of September 13, 1920, by his contract and deed of June 22, 1928, and by another agreement made by him with Laura about the same time, by which she was to receive at his death $2500 in lieu of the sum which she was to receive by his former deed, and which sum of $2500 has been paid to and accepted by her since the death of her father. Appellees filed their bill to have the trust established. An answer was filed thereto by appellant and his wife, alleging, among other things, that the trust in favor of appellees under the deed of September 13, 1920, was annulled by the subsequent deed of June 22, 1928, and the agreement of John B. to pay Laura the sum of $2500. After issues were joined a hearing was had by the court and a decree entered by which the court appointed a trustee and ordered and decreed that appellant pay to the trustee the sum of $6635, being $6000 and interest thereon from the date of the death of John B., and that if appellant refused or failed to pay that sum to the trustee the real estate should be sold by the master in chancery and the proceeds of the sale to the extent of $6635 be paid to the trustee and held in trust for the purpose mentioned in the deed of September 13, 1920.

In its order transferring the case to this court the Appellate Court did not mention the ground upon which it based its order and no ground of jurisdiction of this case

in this court has been suggested by the parties. The only ground that occurs to us upon which it might be thought that this court has jurisdiction is that a freehold is involved. It is apparent, however, that no such ground of jurisdiction exists. The bill was filed to have money paid to a trustee and to have a lien on real estate declared and enforced for the payment of such money. A freehold is not involved in the case of a bill to have declared and enforced a trust or a lien on real estate for the payment of money. (*Blodgett* v. *Blodgett;* 343 Ill. 569.) Where a defendant may prevent the disturbance of his title by making payment or doing some act to arrest the sale a freehold is not involved. (*Scanlon* v. *Beebe,* 335 Ill. 400; *Dunlap* v. *Myers,* 325 id. 398; *Becker* v. *Fink,* 273 id. 560.) A freehold is not involved in a case unless the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate or the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*United Coal Co.* v. *Keefer Coal Co.* 338 Ill. 288; *Lederer* v. *Rosenston,* 329 id. 89.) Under the pleadings in this case the title to a freehold is not involved or put in issue. If the case be decided in favor of appellees under their contention appellant can prevent the disturbance of his title and the sale of his land by the payment of money. It is also clear that if appellant wins the suit under his contention no freehold will be lost by either party. No question of a franchise, freehold, the validity of a statute or the construction of the constitution is involved and there is no other ground upon which this court has jurisdiction of this cause.

The appeal was properly taken to the Appellate Court for the Second District, and the cause is transferred back to that court for consideration and decision.

*Cause transferred.*