(No. 21588.—■)
NELLIE MAY ELLIS, Exrx. *et al.* Appellees, *vs.* WALTER BLAINE RIGHTER *et al.* Appellants.

*Opinion filed February 23, 1933.*

ARTHUR A. LOWRY, for appellants.

ADSIT, THOMPSON & HERR, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellees, Nellie May Ellis, (individually and as executrix of the will of Walter A. Righter, deceased,) C. F. Ellis, Myra Ellis and Richard Ellis, on April 27, 1929, filed in the circuit court of Livingston county a bill to

construe the will of the decedent and for an accounting between the devisees of the decedent. Appellants, Walter Blaine Righter, Emma Righter, Corrine Fox, Walter Righter and Merril Righter and others were made parties defendant to the bill. After answers and replications had been filed the evidence was taken by a master in chancery. Objections and exceptions to the master's report were filed and disposed of, and the court on April 16, 1932, entered a decree finding the amount of the indebtedness of the estate of the decedent and ordering and decreeing the indebtedness to be paid by the devisees of the decedent, and that the amount ordered paid by the devisees, respectively, should in each case be a lien on the land devised to them by the will. This is an appeal from that decree.

Walter A. Righter, a resident of Livingston county, died on June 30, 1923. He left surviving him his widow, Celestia Righter, and three children, appellant Walter Blaine Righter and appellee Nellie May Ellis, and Carrie Skelley. He left a will, which was duly admitted to probate in the county court of Livingston county. By the first clause of the will he devised and bequeathed to Walter Blaine Righter all his interest in certain land in Porter county, Indiana, and a contract of sale of said land. The second clause of the will, so far as it need be stated, is as follows: "It is my will * * * that my remaining personal property shall be applied in so far as is necessary to the payment of my debts, both unsecured and secured indebtedness, including mortgage indebtedness and the cost and expenses of the administration of my estate, and if, after the payment of all such indebtedness, there shall remain any personal property, I give and bequeath said personal property to my wife, Celestia Righter. * * * If, however, my said personal estate shall be insufficient to pay all of said indebtedness, I order and direct that said unpaid indebtedness shall be paid equally by my said children, Walter Blaine Righter, Nellie May Ellis and Carrie Skelley, and I make such pay-

ments due from them charges against their respective real estate which I shall hereafter devise to them for their natural lives." The third clause of the will provides for an annuity to be paid to the testator's widow. By the fourth clause the testator devised all of his real estate in Livingston county to Walter Blaine Righter for his life with remainder to his children, but "subject to my debts, as aforesaid." By the fifth clause the testator's real estate in Lake county, Indiana, was devised to Nellie May Ellis for her life with remainder to her children, "subject to my debts, as aforesaid." By the sixth clause of the will the testator's real estate in Tioga county, New York, was devised to his daughter Carrie Skelley for her life with remainder to her children, "subject to my debts, as aforesaid." Nellie May Ellis was named as executrix of the will.

The personal property of the estate was insufficient to pay the debts of the testator. The bill of appellees was filed to have determined the amount of the unpaid indebtedness of the estate and the parts thereof that should be paid by the respective devisees of the testator, and to have the respective parts found due from the devisees decreed to be a lien on the real estate devised to them, respectively, and in the decree from which this appeal is prosecuted it was so found and decreed.

No ground of jurisdiction of the appeal to this court is suggested by the parties. This court does not have jurisdiction on direct appeal to consider questions arising on the construction of a will where a freehold is not involved. (*Mills* v. *Sawyer,* 302 Ill. 509.) A freehold is not involved in a case unless the necessary result of the judgment or decree is that one person gains and another loses a freehold estate or the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*United Coal Co.* v. *Keefer Coal Co.* 338 Ill. 288.) A freehold is not involved in the case of a bill to have declared and enforced a lien on real estate

for the payment of money. (*Christie* v. *Brouillette,* 350 Ill. 60.) Under the pleadings in this case the title to a freehold is not put in issue, and however the case may be decided the result will not necessarily be that a freehold will be gained by one party and lost by another. No question of a franchise, freehold, the validity of a statute or the construction of the constitution is involved in this case, and there is no other ground upon which this court has jurisdiction of this appeal.

The cause will be transferred to the Appellate Court for the Second District.

*Cause transferred.*