(No. 26623.—

EDWARD N. WRIGHT, Trustee, Appellant, *vs.* E. D. RISSER *et al.* Appellees.

*Opinion filed May 13, 1942.*

.H. H. WHITTEMORE, and BENJAMIN GOWER, for appellant.

W. H. DYER, and EVA L. MINOR, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

July 18, 1935, the plaintiff, Edward N. Wright, as trustee in bankruptcy of Edgar Risser, filed his complaint in the circuit court of Kankakee county to set aside, as fraudulent, the conveyances of twelve parcels of real estate by Risser to his wife and daughters. August 4, 1936, plaintiff filed his third amended complaint. Defendants interposed a motion to dismiss and on September 1, 1936, their motion was allowed and the complaint dismissed. Plaintiff prosecuted an appeal to the Appellate Court for the Second District. May 18, 1937, the decree was reversed and the cause remanded, with directions to overrule defendants' motion to dismiss. (*Wright* v. *Risser*, 290 Ill. App. 576.) Thereafter, the mandate of the Appellate Court was filed, the cause was re-docketed in the circuit court, the third amended complaint was amended by leave of court, defendants answered, and the cause was heard on the merits. A decree was entered finding that certain conveyances were in fraud of creditors and ordering them set aside and declared void. Defendants appealed directly to this court. September 15, 1941, we held that the Appellate Court was without jurisdiction in reversing the decree of September 1, 1936; that its judgment was not final, and the defendants could not appeal therefrom to this court; that its judgment was not binding on this court, and that since the judgment was rendered by a court which lacked

jurisdiction to review a cause in which a freehold was necessarily involved, it was void and open to attack in the appeal to this court. (*Wright* v. *Risser*, 378 Ill. 72.) Our opinion concluded: "Since this is true, there was no complaint before the court on which it could act. This leaves the decree of September 1, 1936, dismissing the suit in full effect." The second decree of the circuit court was, accordingly, reversed. November 18, 1941, plaintiff's petition for rehearing was denied.

December 16, 1941, plaintiff made a motion in the Appellate Court for the Second District to transfer the original appeal to this court and on January 14, 1942, the Appellate Court transferred the appeal. Defendants have filed a motion to dismiss the appeal on the grounds, among others, that the question involved in the appeal which plaintiff is now attempting to perfect here is *res judicata,* and that he waived and abandoned his right to appeal to this court by participating in the trial of the cause on its merits in the circuit court subsequent to his appeal to the Appellate Court and the entry of its order reversing the decree of September 1, 1936. Plaintiff maintains that his application to the Appellate Court for transfer of the cause to this court was made within the proper time following our final determination that the cause was not within the jurisdiction of the Appellate Court. It affirmatively appears that plaintiff prosecuted an appeal to the Appellate Court from the decree of September 1, 1936, dismissing his third amended complaint. The resultant judgment of the Appellate Court in his favor was void for want of jurisdiction. (*Wright* v. *Risser, supra.*) Plaintiff, nevertheless, elected to rely upon the judgment of the Appellate Court and proceeded, in due course, upon the trial of the cause on its merits on the erroneous assumption that he had a sufficient complaint on file. By his course of conduct plaintiff aban-

doned his right to have the appeal to the Appellate Court transferred to this court and at this late date he is estopped from seeking a transfer.

Plaintiff places reliance on section 86 of the Civil Practice act (Ill. Rev. Stat. 1941, chap. 110, par. 210, p. 2432) providing that where an appeal is taken to either the Supreme or Appellate Court and it is adjudged that the case was wrongfully appealed to such court, the transcript of all files therein with the order of transfer shall be transmitted to the clerk of the proper court and that, on the receipt of such record, the clerk shall at once file the same and the cause shall then proceed as if it had been taken there from the inferior court. He points out that within thirty days following denial of the petition for rehearing of the decision of this court that the Appellate Court was without jurisdiction in the previous appeal, he petitioned the Appellate Court to transfer the cause to this court. Our decision in *Wright* v. *Risser, supra,* that the Appellate Court lacked jurisdiction to entertain plaintiff's earlier appeal was not made upon motion to transfer the earlier appeal to this court from the Appellate Court or upon a further review on appeal from the Appellate Court to this court. It was made, instead, in a collateral attack upon the judgment rendered in the earlier appeal. Under these circumstances, section 86 of the Civil Practice act cannot avail plaintiff. More than five years after the entry of the decree of September 1, 1936, he seeks a review of its correctness by this court. The decree of the circuit court has long since become final and, in addition, we have held that it is in full effect. Defendants' motion to dismiss, taken with the cause, must be allowed.

The appeal is dismissed.

*Appeal dismissed.*