(No. 27045.—

HAROLD ROSSITER, *vs.* TAYLOR G. SOPER *et al.*, Appellees.—
(WALTER A. DAVIS, SR., Appellant.)

*Opinion filed September 24, 1943.*

LLOYD M. BROWN, and C. W. ARMSTRONG, for appellant.

MARCH & ROSSITER, (BENJAMIN F. MARCH, LYLE H. ROSSITER, and W. D. SELLERS, of counsel,) for appellees.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

This is a direct appeal from a decree entered by the circuit court of Cook county. Appellee Rossiter filed the complaint for the partition of certain real estate located in that county. Appellee Soper, appellant Davis, and Josephine Salzer Elsner were named as defendants. It was alleged in the complaint that Marie Salzer Davis died testate on October 20, 1935; that at the time of her death she was the owner of the real estate involved; that she left surviving, appellant, her husband, and Josephine Salzer Elsner, her sister, as her only heirs-at-law; that the property in question consisted of a house and lot occupied by Marie Salzer Davis and her husband, as their homestead, at the time of her death. It was further alleged that the will was duly admitted to probate and letters testamentary issued; that the will provided, after the payment of the debts of decedent, all the balance of her property should go to her sister, Josephine Salzer Elsner, "except such property as her husband is entitled to under the inheritance laws of the State of Illinois," which she devised to him; that appellant, as surviving husband, did not renounce the

will, and, consequently, that he and Josephine Elsner became the owners of the property, under the will, as tenants in common, subject to the debts of the estate.

It may be noted in this connection, that the will was void and wholly inoperative. It devised to the surviving husband and sister of the testatrix, who were her only heirs, the same interests which they would take by descent had she died intestate. (Ill. Rev. Stat. 1939, chap. 39, par. 1(3)(a).) They, therefore, took under the statute by descent, and not under the will. (*Akers* v. *Clark,* 184 Ill. 136.) The surviving husband and sister each took a one-half interest in the property, in fee, by descent, subject to the debts of the estate, and also subject to the homestead of the husband. The surviving husband was also entitled to dower in the one-half interest which descended to the sister of the deceased, under the Descent Act in force at the time of her death. (*Dial* v. *Dial,* 378 Ill. 276; *Shoot* v. *Galbreath,* 128 Ill. 214.) The homestead was a freehold estate and not a mere exemption. (*Gillespie* v. *Fulton Oil and Gas Co.* 236 Ill. 188.) The fact that appellant did not renounce the will can have no bearing whatever on the issues in this case. Upon the death of appellant's wife, he inherited a one-half interest in the property, subject to the debts of the estate, and subject to his homestead. His homestead estate was fixed by law. He took nothing under the will. He was wholly unaffected by the will. His failure to renounce the will did not affect his right of homestead. Having received nothing under the will, he received nothing in lieu of his right of homestead. He was not required to elect whether he would take under the will or under the Statute of Descent. The interest which he took by inheritance under the law of descent, in no way affected his right to his homestead. It was exempt from the laws of descent and paramount to the rights of the heirs. (*Gradler* v. *Johnson,* 372 Ill. 137.) His rights are the same as if no will had ever been in existence.

There was nothing on which a finding could be based that he had waived his homestead by not renouncing the will.

It was further alleged that a certain proceeding was had in the probate court, in which the real estate was sold to pay the debts of the deceased. Appellant was made a party to that proceeding. It was alleged that a decree for sale was entered; that the property was sold under that decree to appellee Soper; that the sale was duly approved by the probate court and conveyance made in accordance with the decree; that thereafter Soper conveyed an undivided one-fourth interest in the property to appellee Rossiter. Rossiter, thereupon, filed the complaint in this cause for partition, six days after the one-fourth interest was conveyed to him. Obviously, this manipulation of the title between Soper and Rossiter was intended to enable Soper to obtain a decree, under which he might recover the possession of the property, which was still occupied by appellant, as his homestead.

It was further alleged in the complaint that Rossiter and Soper were the sole owners of the property at the time the suit was filed, one fourth being owned by Rossiter and three fourths by Soper. Appellant was named as a party defendant, but the interest claimed by him was not set out in the complaint. To this complaint, appellant filed an answer in which he alleged that the premises were occupied by himself and his wife, Marie Salzer Davis, at the time of her death, as a homestead, and that he had continuously occupied the same as his homestead since her death. He further alleged that he was in possession of the premises; that they were of the value of more than $1000; that he owned a homestead interest therein; that he did not assent in writing to the sale of his homestead in the proceedings in the probate court for the sale of the property to pay the debts of the deceased. He further averred that the probate court had no jurisdiction to authorize the sale of his homestead interest. He alleged

that if the sale under the decree of the probate court was void for want of jurisdiction, then he was the owner of a one-half interest in said real estate and Josephine Elsner was the owner of the remaining one-half interest under the will, subject, however, to the homestead estate of appellant, and also subject to the taxes and debts of the estate. He then alleged, in the alternative, that if that sale was valid the property was sold subject to his homestead interest. In that event he alleged that a three-fourths interest in the property was owned by Soper and the remaining one-fourth interest was vested in Rossiter, under his deed from Soper; that the interests of Soper and Rossiter were both subject to the estate of homestead of appellant. He also filed a counterclaim in which he made the same allegations as to his homestead interest in said property, and the ownership thereof.

The issues thus framed by the pleadings were whether Rossiter and Soper were the sole owners of the property, free from the homestead interest of appellant, as charged in the complaint, or whether their interests in the property were subject to the homestead interest of appellant, as alleged in his answer and counterclaim. Soper filed an answer to the counterclaim in which he substantially repeated the averments of the original complaint. The cause was referred to a master. After overruling exceptions to the master's report, the court entered a decree finding that appellant had a homestead interest in the property which had not been extinguished by the proceedings in the probate court. The decree further found that the interests of Rossiter and Soper were subject to the homestead of appellant; that the value of the property was $4500; that the value of the homestead was $1000. It was further decreed that Rossiter had a one-fourth interest in the property and Soper a three-fourths interest therein, both subject to the homestead interest of appellant. The decree provided that if Rossiter and Soper should pay to appellant

$1000 for his homestead interest within sixty days, the property should be partitioned free and discharged of the homestead; that if said sum of $1000 was not paid within sixty days, the prayer for partition should be denied.

From that decree Rossiter perfected an appeal to the Appellate Court for the First District. That court held that appellant's homestead interest had been extinguished by the proceedings in the probate court and that its decree was *res judicata* on that issue. The decree of the circuit court was reversed and the cause remanded with directions to grant the relief prayed for in the complaint and amended complaint for partition. (313 Ill. App. 607.) Appellant filed a petition in this court for leave to appeal from that judgment of the Appellate Court. This petition was dismissed because it was not filed within the time allowed by statute.

When the cause was redocketed in the circuit court, appellant entered his special appearance and questioned the jurisdiction of the court to enter any orders in the case. His objection was that the decree from which the appeal had theretofore been taken to the Appellate Court was one in which a freehold was involved. He alleged that the Appellate Court was without jurisdiction to review a decree of the circuit court involving a freehold, and that all of the proceedings in the Appellate Court were void and ineffective. He further alleged that inasmuch as there had been no appeal taken to a court having jurisdiction to review the same, such decree had become final and conclusive on the parties. It also appears that prior to the issuance of the mandate of the Appellate Court he had unsuccessfully attempted to have the Appellate Court expunge all orders in the case for want of jurisdiction. He had also unsuccessfully attempted to obtain leave of this court to file a petition for a writ of *mandamus* against the judges of the Appellate Court, to compel them to expunge such orders.

After the mandate was filed and appellant's objections to the jurisdiction of the circuit court were overruled, the decree from which the present appeal is prosecuted was entered in accordance with the mandate. By that decree the court found that appellant was barred, by the decree of the probate court, from asserting his claim to a homestead in the premises. It denied the claim of appellant, and ordered partition of the premises, free from the homestead claimed. From that decree this appeal has been perfected.

The first question to which the attention of this court must be directed is the contention of appellant that the decree appealed from is void and inoperative, because it was entered on the mandate of the Appellate Court issued in a cause of which that court had no jurisdiction. If this contention be sustained, the other questions raised are not material. If the Appellate Court had no jurisdiction to review the decree of the circuit court because a freehold was involved, then all orders, as well as the judgment entered, were *coram non judice*. That court could not re-invest the circuit court with jurisdiction to enter the decree directed by its mandate, and from which this appeal was taken. The solution of this question depends upon whether a freehold was involved in the cause of action, and in the decree from which the appeal was taken to the Appellate Court.

Reverting to the pleadings in the cause, it is apparent that there was no controversy between Soper and Rossiter. So far as they were concerned, it was an agreed case, planned by them. Soper conveyed a fractional interest in the premises to Rossiter in order to enable him to institute the suit. It is incredible to assume that Rossiter, six days after he acquired his interest in the property, which it is conceded was not divisible, should be compelled to resort to a partition suit against his grantor. It is more reasonable to assume that the suit was planned before Rossiter

acquired an interest in the property; that its purpose was an attempt to litigate appellant's claim of homestead in a suit in which the real issue would be kept in the background, and the rights of appellant determined solely on the effect of the decree of the probate court.

The complaint alleged that Rossiter and Soper were the sole owners of the property. This was denied by the answer of appellant. Both in his answer and in his counterclaim, appellant affirmatively averred that he was the owner of a homestead interest in the premises, and that the interests of Rossiter and Soper were subject to such homestead. By the answer of appellee Soper, to the counterclaim, he denied this allegation, and alleged that appellant had no interest in the premises. He further alleged that the decree of the probate court was *res judicata* on that issue. The decisive and controlling issue under these pleadings was whether appellant had a homestead interest in the premises. This was the only controversy in the case, under the pleadings. It is conceded that appellant and his wife occupied the premises, as their homestead, at the time of her death, and that appellant has continued to so occupy them since that time.

This was a suit for partition. It has been repeatedly held by this court that a suit for partition involves a freehold. (*Ashton* v. *Macqueen,* 361 Ill. 132; *Hardin* v. *Wolf,* 318 Ill. 48; *George* v. *George,* 250 Ill. 251; *Hutchinson* v. *Spoehr,* 221 Ill. 312; *Wilson* v. *Dresser,* 152 Ill. 387.) It is equally well settled that a homestead interest is a freehold estate. *Jones* v. *Jones,* 281 Ill. 595; *Roberson* v. *Tippie,* 209 Ill. 38.

From the above cases it would seem that the question of whether a freehold was involved in the decree from which the appeal was taken could scarcely be the subject of debate or controversy. The jurisdiction of this court of the present direct appeal is based on the same question and the same freehold as that involved on the former

appeal to the Appellate Court. Our jurisdiction has not been and could not be successfully challenged.

Appellees, however, assert that the claim of appellant to a homestead in the premises had been determined adversely to him in the proceedings in the probate court. They argue that this claim having been determined against him by the probate court, he could not claim a homestead in the premises in this cause, and for that reason they say no freehold was involved. The question of whether a freehold is involved does not depend upon whether the claim may be sustained by the final decree of the court. Where such a claim is made, a freehold is involved, notwithstanding the court may find that the claimant has no freehold interest in the premises. In order that a case may involve a freehold, it is not necessary that the claimant of the freehold be successful in the litigation. The claim is involved, nevertheless, and even though the claimant may not sustain his claim, this does not change the character of the case as to whether it involves a freehold.

A freehold is involved where the title is so put in issue by the pleadings that the decision of the case necessarily involves a determination of that issue. (*Merkel* v. *Woodside,* 333 Ill. 489; *Lederer* v. *Rosenston,* 329 Ill. 89.) If a title is directly put in issue by the pleadings, even though it is not the subject to be recovered, a freehold is involved. *City of Chicago* v. *Chicago, Burlington and Quincy Railroad Co.* 319 Ill. 351; *Jones* v. *Sanitary District of Chicago,* 252 Ill. 591.

The record here shows that the only question in controversy, from the inception of the litigation, is whether appellant had a homestead in the premises. The circuit court, by the first decree, found that he did have such interest and ordered it protected. It ordered his homestead interest extinguished in the only manner in which it could be extinguished, where the premises are worth more than $1000, and are not divisible. The court found

the value of the homestead to be $1000. The decree ordered that amount paid to appellant within sixty days. If such payment was not made, the decree directed that the prayer of the complaint for partition be denied. This was in accordance with the rule established and approved by this court. (*Wilson* v. *Illinois Trust and Savings Bank,* 166 Ill. 9.) This is the decree from which the appeal was taken to the Appellate Court, and which was reversed by that court.

The freehold was directly involved. There was no possible contingency under which the claims of the respective parties to the homestead interest, directly put in issue by the pleadings, would not, by the decision of that issue, be lost by one of the parties and gained by the other. The title to the homestead was so put in issue that the decision necessarily involved a freehold. *Kagy* v. *Luke,* 357 Ill. 512; *Burke* v. *Kleiman,* 355 Ill. 390; *Long* v. *Wilson Stove and Mfg. Co.* 354 Ill. 465; *Ellis* v. *Righter,* 351 Ill. 545; *Christie* v. *Brouillette,* 350 Ill. 60; *Anderson* v. *Anderson,* 349 Ill. 40; *Winkelmann* v. *Winkelmann,* 345 Ill. 566.

In determining whether a freehold was involved on the appeal to the Appellate Court, we are not concerned with the question of whether the probate court had jurisdiction to adjudicate the question of whether appellant had a homestead interest in the premises. Neither are we concerned with the question of whether the decree of that court constituted an adjudication of that question. All of those questions were brought into the case by the pleadings, only for the purpose of defeating the homestead claimed by appellant. He had the undoubted right to claim a homestead in the partition suit. He had not waived his homestead, nor had he consented, in writing, to the sale of such interest. He had received nothing under the will which would compel him to elect whether he would take under the will or retain his statutory rights. Whether such claim was barred by the decree of the probate court,

or could be sustained, is a question wholly beside the issue here. Appellant, by his pleadings, claimed a homestead. He claimed a freehold interest in the premises sought to be partitioned. The court could not decide the case without passing on that question. It was a question relating to, and determinative of, the ownership of the property sought to be partitioned. It was the only contested issue in the case. The court was compelled, by the pleadings, to determine whether Rossiter and Soper were the sole owners of the property, as alleged in the complaint and denied by the answer, or whether appellant had a homestead interest therein, as alleged in his answer and counterclaim, and denied by Soper in his answer to such counterclaim. The trial court found the ownership of the property, as alleged in the counterclaim, and not as alleged in the complaint. The Appellate Court reversed that decree. It found the ownership as alleged in the complaint. It directed the circuit court to enter a decree so finding.

The argument of appellees that it had already been determined by the probate court that appellant had no homestead interest and, for that reason, the issue could not be litigated in the partition suit, cannot be sustained on any theory of reason or logic. It was a proper issue in the partition suit. It was a question going to the ownership of the property sought to be partitioned. That is the question upon which issue was joined in the circuit court. By the decree in that court, appellant gained the freehold interest which he claimed. Conversely, appellees lost that interest in the property, of which they claimed to be the sole owners, free from the homestead. A decision of the case necessarily involved a decision of that question. A freehold was directly involved. *Litwin* v. *Litwin,* 375 Ill. 90; *Harper* v. *Sallee,* 372 Ill. 199; *Coburn* v. *Macke,* 369 Ill. 106; *Wright* v. *Logan,* 364 Ill. 33.

Neither is the argument of appellees that the loss of the freehold interest of appellant could be prevented by appellees paying to him the sum of $1000, as decreed by

the court, persuasive. The conditional order to pay the sum of $1000 was not against appellant. It was a condition imposed upon appellees in order to extinguish the homestead interest established by the decree, before they would be entitled to partition. This is not like a creditor's suit, where the whole proceedings may be stopped by the debtor paying the claim on which the suit is based. Appellant was ordered to do nothing. His homestead was fixed by the decree. Unless and until appellees extinguished that interest in the manner provided in the decree, he had the right to continue to occupy and use and enjoy the entire premises, regardless of their value. The provision in the decree for the extinguishment of the homestead, in accordance with the rules of equity, announced in *Wilson* v. *Illinois Trust and Savings Bank,* 166 Ill. 9, and other cases on the subject, does not affect the situation in any way. The homestead was not merely a lien on the premises, it was a freehold interest. The trial court decreed that appellant was the owner of such interest. As such owner he was entitled to occupy the entire premises until he was paid the value of his homestead, as decreed by the court. The purpose of the appeal to the Appellate Court was to obtain a reversal of that decree and a judgment of that court holding that he had no such interest. Under the judgment of the Appellate Court, he lost his homestead entirely. There was nothing appellant could do to prevent the sale of his homestead interest, after that judgment was entered. The circuit court, under its general equity powers, directed the manner in which the homestead could be extinguished, after such interest had been found and established by the decree. For the reasons stated in the *Wilson case,* it was proper for it to do so. Such provision did not, in any sense, eliminate the question of the freehold from the case. That question was always present, and both the circuit and Appellate Courts were compelled to, and did, decide it. By no process or

reasoning can it be said that the freehold interest, claimed by appellant, was not the sole decisive question involved, both in the decree of the circuit court and in the decision and judgment of the Appellate Court, on appeal. Whether the probate court had jurisdiction to determine the question of homestead, and whether its decree constituted an adjudication of that question, were mere evidentiary facts, bearing on the question of whether appellant had a homestead interest in the premises at the time the partition suit was filed. It appears in the opinion of the Appellate Court that the appeal to that court was "also taken from the decretal order finding that the defendant [appellant here] still owned a homestead in the property, and that plaintiff had only an equitable estate, subject to such homestead."

Likewise, appellees' contention that the questions here involved were adjudicated by this court on the petition for leave to appeal, which was dismissed because it was not filed within forty days after the judgment of the Appellate Court became final, and on the motion for leave to file a petition for writ of *mandamus* against the judges of the Appellate Court, is equally untenable.

Under our holding in *Wright* v. *Risser*, 378 Ill. 72, the Appellate Court had no jurisdiction. Its judgment reversing the decree and remanding the cause with directions, was wholly ineffective. It was *coram non judice*. That court had no jurisdiction of the subject matter of the appeal. Jurisdiction of the subject matter could not be conferred upon it by consent of the parties, or by their failure to object to the jurisdiction. It is not like a case where a court having general jurisdiction of the subject matter of a particular suit loses jurisdiction of that particular case by operation or effect of law, and the parties without objection calling attention to the lack of jurisdiction, thereafter voluntarily appear and participate in further proceedings. In such case the lack of jurisdiction may be waived, and neither party will be permitted to thereafter

complain that the court was without jurisdiction. (*Weisguth* v. *Supreme Tribe of Ben Hur*, 272 Ill. 541; *Grand Pacific Hotel Co.* v. *Pinkerton*, 217 Ill. 61; *Herrington* v. *McCollum*, 73 Ill. 476.) Here, as a matter of law, the Appellate Court had no jurisdiction of the subject matter. Its entire proceedings in the case were void and unauthorized. It never had or acquired any jurisdiction of the subject matter, and could not do so.

The decree of the circuit court from which this appeal was taken, having been entered in accordance with the mandate of the Appellate Court in a cause of which that court had no jurisdiction, the circuit court was likewise without jurisdiction to enter any orders in the cause, pursuant to that mandate. The result is that the decree entered by the circuit court on November 20, 1940, is still in full force and effect. No appeal therefrom was taken to any court having jurisdiction. It was wholly unaffected by the unauthorized appeal to the Appellate Court, or by the judgment or any orders entered, or proceedings had, in that court. *Wright* v. *Risser*, 379 Ill. 539; *Wright* v. *Risser*, 378 Ill. 72.

This conclusion makes it unnecessary to consider any other questions raised on the record. The decree entered by the circuit court on November 20, 1940, having become final, any alleged errors in that decree, or erroneous findings and conclusions contained therein, are wholly immaterial here. That decree is not here involved. The decree involved on this appeal, having been entered by the circuit court without jurisdiction, is reversed.

*Decree reversed.*