(No. 16039.—Cause transferred.)
A. O. MILLS, Plaintiff in Error, vs. CHARLES MATHIS,
Defendant in Error.

*Opinion filed October 28, 1924.*

APPEALS AND ERRORS—*petition for mandamus to compel highway commissioner to open alleged road does not involve freehold.* A bill to enjoin the obstruction of a highway, where the ownership of the soil or freehold is not in dispute, or a petition for *mandamus* to compel a highway commissioner to open an alleged public road, to which proceeding the owner of the land is not a party, does not involve a freehold within the meaning of the statute relating to appeals to and writs of error from the Supreme Court.

WRIT OF ERROR to the Circuit Court of Johnson county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

H. A. EVANS, for plaintiff in error.

H. A. SPANN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Johnson county in favor of defendant (defendant in error here) in a *mandamus* proceeding in which plaintiff in error here, A. O. Mills, was the petitioner. The defendant to the proceeding, Charles Mathis, was commissioner of highways of road district 11, in Johnson county. The petition prayed that the defendant be commanded by writ of *mandamus* to forthwith cause obstructions to the travel upon and the use of a certain alleged public highway to be removed and the road opened to public travel.

The road in question was never laid out under the statute. It was sixteen feet wide, a half-mile long, and ran east and west. When the owners of the land north and south of it fenced their lands, more than forty years ago, they left sixteen feet for a roadway for travel, which remained open and was traveled without any change in loca-

314—4

tion except a slight change for a few rods at the east end, which did not affect or obstruct travel. About twelve years ago J. B. Hand became the owner of the land south of the road. He placed gates across the road but did not stop the travel over the road. Those traveling it passed through the gates without objection from Hand until a little over two years ago, when he presented to the commissioner of highways a petition to vacate the road. The prayer of the petition was granted by the commissioner May 29, 1922. Thereupon Hand put padlocks on the gates and prevented the further use of the road for travel. Mills, plaintiff in error here, appealed from the decision and order of the highway commissioner to the county superintendent of highways. That official reversed the decision and order of the highway commissioner and dismissed the petition. Hand continued to keep the gates locked and prevent travel over the road, and the commissioner of highways refused to take any steps to cause the road to be opened for travel. Mills then filed a petition for writ of *mandamus* commanding the commissioner of highways to cause the road to be opened for travel. Issues were made and the cause tried by jury. The jury found the road was not a public highway at the point where Hand obstructed it. The petitioner moved for a verdict *non obstante veredicto* and for a new trial, but both motions were overruled and final judgment rendered against petitioner for costs. He sued a writ of error out of this court to review the judgment.

Defendant in error challenges the jurisdiction of this court. The only ground of our jurisdiction would be that a freehold is involved. This court has decided that a bill to enjoin the obstruction of a highway where the ownership of the soil or freehold is not in dispute does not involve a freehold within the meaning of the statute relating to appeals to and writs of error from this court. (*Town of Mattoon v. Elliott*, 259 Ill. 72.) We do not think a freehold is involved. The action is not by or against anyone claim-

ing to own the land. The suit was brought against a public officer to compel the performance of a statutory duty and does not involve a freehold. No question is here raised as to the ownership of or title to the land, and we are of opinion this court has no jurisdiction of the writ.

The cause is therefore transferred to the Appellate Court for the Fourth District.    *Cause transferred.*