(No. 24643.—

JOHN J. COBURN *et al.* Appellees, *vs.* MARCELLA E. MACKE
*et al.*—(THE COUNTY OF COOK, Appellant.)

*Opinion filed June 21, 1938.*

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAM-
BERG, GERALD E. HORNIDGE, and FRANCIS S. CLAMITZ, of
counsel,) for appellant.

GEORGE McMAHON, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

This is a direct appeal by the county of Cook from that
part of a decree for foreclosure of a trust deed, ordering
the county to pay appellees $7500 for approximately four
acres of mortgaged premises taken by appellant and used
in constructing a highway, and as damages to the remain-
ing mortgaged land not taken. The decree found this tak-
ing to have been illegal. The superior court of Cook county
also directed payment to be made within thirty days from
the date appellant was served with a certified copy of the

decree, and, in case of default, appellant was to be enjoined from using or exercising control over the highway across the mortgaged premises until payment was made.

Thomas M. Burns acquired title to the mortgaged premises by two deeds dated September 5, 1929, and recorded July 5, 1930. He conveyed the land to C. C. Smith by warranty deed, dated January 5, 1932, and recorded June 7, 1932. Smith conveyed to Joseph O'Connell by warranty deed dated September 14, 1932, recorded September 15, 1932, and Marcella E. Macke acquired title by a warranty deed from O'Connell, dated December 3, 1932, recorded August 26, 1933. Beginning with the deed from Burns, the conveyances were subject to encumbrances, etc. On September 6, 1929, Burns made the trust deed which was foreclosed. Daniel J. McMahon was made trustee, with the Chicago Title and Trust Company as successor in trust. This trust deed was recorded July 5, 1930. McMahon died July 21, 1931.

It is alleged in the complaint, but not found in the decree, that one Edward McMullen had some interest in the mortgaged land by reason of a trust deed dated September 7, 1929, recorded July 9, 1931, from Thomas M. Burns to Charles N. Goodnow, trustee, securing payment of $2000, but that this was a junior mortgage.

The court found that on or about May 23, 1930, the superintendent of highways of Cook county addressed a letter to the president and board of Cook county commissioners informing them that in connection with the opening and improving of "Southwest Highway" from One Hundred Eleventh street to Ridgeland avenue, it was necessary to acquire 4.375 acres from the McMahon estate, and that Charles N. Goodnow, attorney for that estate, had agreed to accept $2625 (at the rate of $600 per acre) and that this amount was reasonable. The superintendent recommended that a check for $2625 be made payable to Charles N. Goodnow, attorney for the McMahon estate, out of the motor

fuel tax fund, and on July 29, 1930, he was paid. The court also found that a certain plat was filed in the office of the recorder of deeds of Cook county, November 17, 1932, containing a dedication of 4.063 acres out of the mortgaged premises, executed by Thomas M. Burns and Charles N. Goodnow as owners, dedicating to the public a perpetual easement for use for highway purposes and releasing all claims for damages sustained by reason of the opening, improving and using of "said premises for highway purposes." The board approved this plat at its meeting held July 7, 1932.

It should be noted that the deed from Burns to Smith was dated January 5, 1932, and recorded June 7, 1932, while the plat was not filed until November 17, 1932. At this latter date, it appears Burns was not the owner of the mortgaged premises.

Appellant filed no answer and a default was entered against it. It contends that a judgment rendered by default may be reviewed as to alleged errors appearing on the face of the record; that a plat of dedication for the highway was obtained from the owners of the equity of redemption and whatever their interests were, the plat constituted a proper dedication of their interests; that the appellees, as mortgagees, cannot maintain an action for money damages, and that the method of enforcement of the judgment is contrary to the statutory mode for enforcing payment of judgments by counties.

Our jurisdiction is not questioned but the points relied on for a reversal of the decree do not include any point which would give us jurisdiction of a direct appeal. The appellees' claim against the appellant is not one to obtain possession of or title to the four acres of land taken by it for highway purposes. Instead, the claim is for damages for land taken and damages to the remaining mortgaged premises. Appellees insist that when the county of Cook took this land and constructed the highway across the forty acres covered by the mortgage, it impaired the security of

their notes to their damage and that for this they have a right of action.

In *Kuhne* v. *Sanitary District,* 285 Ill. 129, 131, no constitutional question, no franchise and no question relating to the revenue was involved. There remained the single possibility that a freehold was involved. We said a freehold is involved when one party gains and another loses a freehold by the decision in the case or when the title to a freehold is so put in issue by the pleadings that a decision of the case necessarily involves a decision of such question. The suit was for damages caused when the defendant's canal overflowed and inundated plaintiff's land. We held that a freehold was not involved in an action for damages to the plaintiff's crops, timber and pasture from overflowing the same. The declaration positively averred plaintiff's ownership of the land, but this was admitted by the demurrer and no question was raised as to plaintiff's title. See, also, *Mills* v. *Mathis,* 314 Ill. 49, and *Coal Creek Drainage District* v. *Sanitary District,* 328 id. 360.

The appellant filed no answer but was defaulted. There was no assertion of title in appellees' complaint, and they do not seek any redress against appellant except a judgment for money and an injunction to prevent the use of the four acres taken by the appellant for highway purposes, until the judgment in their favor is paid. This does not constitute a claim of freehold.

There is no question involved in this case which would give this court jurisdiction and the cause is, therefore, transferred to the Appellate Court for the First District.

*Cause transferred.*